PAULINE B. NATIONS v. JOHNNY H. NATIONS, SR.

No. 9227DC593

(Filed 20 July 1993)

1. **Rules of Civil Procedure § 60 (NCI3d) — motion for relief from judgment — findings not required**

    Although it would be the better practice to do so, the trial court is not required to make findings of fact when ruling on a Rule 60(b) motion for relief from judgment unless findings are requested by a party.

    **Am Jur 2d, Judgments § 782.**

2. **Rules of Civil Procedure § 60.2 (NCI3d) — denial of relief from judgment — issues raisable on appeal**

    The trial court properly denied defendant's Rule 60(b) motion to set aside an equitable distribution judgment where the errors of law alleged to have been committed by the trial court in entering the judgment were issues which could have been raised in defendant's prior appeal to the Court of Appeals.

    **Am Jur 2d, Appeal and Error § 545.**

Appeal by defendant from order entered 18 March 1992 in Gaston County District Court by Judge Timothy L. Patti. Heard in the Court of Appeals 11 May 1993.

*Tim L. Harris & Associates, by Robert D. Jenkins and T. Scott White, for plaintiff-appellee.*

*Kelso & Ferguson, by Lloyd T. Kelso, for defendant-appellant.*

GREENE, Judge.

Plaintiff Pauline B. Nations (Mrs. Nations) and defendant Johnny H. Nations, Sr. (Mr. Nations) were married on 7 November 1976, and established a marital residence in Kings Mountain. Two children were born of the marriage. Mrs. Nations filed a complaint seeking absolute divorce and equitable distribution on 31 August 1986. Mr. Nations answered, and counterclaimed for custody of one of the children and for child support. A judgment of absolute divorce was entered 30 September 1988. The judgment stated that all issues of equitable distribution and child custody were to be determined at a later date. An equitable distribution order was signed 12 April 1990, and provided that the parties stipulated that the only property pertinent to the equitable distribution was the marital residence and property located in Jackson County, North Carolina. The trial court found as a fact that the parties had entered into a separation agreement on 9 October 1982. By the terms of that agreement, Mr. Nations was to execute and deliver to Mrs. Nations a deed to the marital residence. Mrs. Nations agreed to execute a limited power of attorney for the purpose of effectuating the transfer to Mr. Nations of the property in Jackson County. A deed of separation was prepared by attorney Basil L. Whitener (Whitener), who represented both Mr. and Mrs. Nations. Mrs. Nations subsequently signed the power of attorney and Mr. Nations executed the general warranty deed to the marital residence and left it with Whitener. After these documents were executed, the Nations resumed their marital relationship.

Subsequent to the resumption of marital relations, Mr. Nations recorded the power of attorney and executed a deed to the Jackson County property to himself. Mr. Nations then retrieved from Whitener the general warranty deed conveying the marital property to Mrs. Nations. Mr. Nations never advised Mrs. Nations that he had removed the general warranty deed from Whitener's office. Based on these findings of fact, the trial court concluded that the Nations had entered into a binding separation agreement on 9 October 1982, which was terminated to the extent that it remained executory at the time the Nations resumed the marital relationship.

The trial court further concluded that the general warranty deed conveying the marital property to Mrs. Nations was valid, that its execution created the presumption of delivery, and that Mr. Nations had not rebutted the presumption. The trial court further concluded that Whitener was the agent of both Mr. and Mrs. Nations, and that when Mr. Nations gave the deed to Whitener, delivery was accomplished. Based on the above, the trial court ordered that the property located in Jackson County was the separate property of Mr. Nations, and the marital residence was the separate property of Mrs. Nations. The court further ordered that Mr. Nations "immediately sign a general warranty deed conveying . . . [the marital residence] to [Mrs. Nations.]"

Mr. Nations made a motion for a new trial on 7 May 1990, which was denied on 24 July 1990. Mr. Nations then filed notice of appeal from the equitable distribution order on 27 July 1990. This Court, in an unpublished decision filed 7 May 1991, held that the equitable distribution order was entered on 12 April 1990, and that Mr. Nations failed to file his motion for a new trial within ten days of the entry of judgment as required by Rule 59. As such, the motion for a new trial was ineffective, and it therefore did not toll the running of the thirty days within which Mr. Nations was required to give notice of appeal from entry of judgment. Because Mr. Nations did not file his appeal within thirty days of entry of judgment, it was not timely and was dismissed.

Mrs. Nations, subsequent to the decision on appeal, filed, on 14 January 1992, a motion to compel compliance with the trial court's order that Mr. Nations execute a general warranty deed conveying the marital residence to her. The motion prayed that Mr. Nations be found in contempt of the trial court's order, and that the trial court compel Mr. Nations to sign the deed over to Mrs. Nations as ordered. Mr. Nations made a counter-motion for relief from the equitable distribution order pursuant to Rule 60(b), in which he alleged that the order was not entered on 12 April 1990, but rather on 30 April 1990, and that his motion for a new trial of 7 May 1990 was therefore filed within ten days of the entry of judgment and should have tolled the time in which Mr. Nations was allowed to file notice of appeal. Specifically, Mr. Nations alleged that he had "not been afforded an opportunity to have the decision of the trial court reviewed on appeal" and requested the trial court

determine that the decision by the North Carolina Court of Appeals to dismiss the appeal of the defendant was not proper on the record, and should make clear on the record that the Order signed April 12, 1990 was not "entered" until it was filed and served on counsel for the defendant on April 30, 1990.

He further alleged that the equitable distribution judgment had been entered under a misapprehension of the law.

The trial court, in an order entered 18 March 1992, without making any findings of fact denied Mr. Nations' Rule 60(b) motion. The trial court also granted Mrs. Nations' motion to compel, ordering Mr. Nations to convey legal title to the marital residence to Mrs. Nations on or before 31 March 1992.

Mr. Nations appeals the trial court's order, assigning as error the trial court's failure to grant his Rule 60(b) motion and the trial court's grant of Mrs. Nations' motion to compel.

---

The issues are (I) whether the trial court is required to make findings of fact to support its denial of a Rule 60(b) motion for relief from judgment; and, if not (II) whether, based on the evidence, the trial court could have made findings of fact to support its conclusion that the Rule 60(b) motion should be denied; and (III) whether the trial court correctly granted Mrs. Nations' motion to compel.

I

[1] Defendant first argues that the order of the trial court denying his Rule 60(b) motion must be vacated because the trial court failed to find facts and set forth those facts in its order.

Rule 60(b) of the North Carolina Rules of Civil Procedure allows a party, on motion to the trial court, to seek relief from any judgment or order of the trial court. N.C.G.S. § 1A-1, Rule 60(b) (1990). Although it would be the better practice to do so when ruling on a Rule 60(b) motion, the trial court is not required to make findings of fact unless requested to do so by a party. N.C.G.S. § 1A-1, Rule 52(a)(2) (1990); *Grant v. Cox*, 106 N.C. App. 122, 125, 415 S.E.2d 378, 380 (1992).

The record reveals no request by the parties that the trial court find facts as to defendant's Rule 60(b) motion. Accordingly,

because no such request was made, we are not compelled to vacate the trial court's order due to the lack of findings of fact.

II

[2] Although the lack of findings in the order denying the Rule 60(b) motion is not grounds for reversal, the order must be reversed unless there is evidence in the record from which the court could have made findings to support the order. *Grant*, 106 N.C. App. at 125, 415 S.E.2d at 380. In this case, because the trial court denied Mr. Nations' Rule 60(b) motion, the question is whether there is any evidence in the record to support the granting of the motion. If not, the lack of evidence supports denial of the motion.

Mr. Nations attempts by his use of Rule 60(b) to have the trial court set aside an equitable distribution judgment earlier entered on the grounds that the judgment was erroneous. "Erroneous judgments may be corrected only by appeal, and a motion under [Rule 60] cannot be used as a substitute for appellate review." *Chicopee, Inc. v. Sims Metal Works, Inc.*, 98 N.C. App. 423, 431, 391 S.E.2d 211, 216, *disc. rev. denied*, 327 N.C. 426, 395 S.E.2d 674 (1990) (citation omitted). Because Rule 60(b) cannot be used as a substitute for appeal, the trial court, after an appeal is dismissed, "may deny a [Rule 60(b)] motion for relief that is based on a ground that was open to the movant on the appeal." 7 James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 60.30[2], at 60-339 (1993) (footnote omitted); *see Draughon v. Draughon*, 94 N.C. App. 597, 599, 380 S.E.2d 547, 548 (1989) (setting order aside under Rule 60(b) because plaintiff lost right of appeal not permitted); *cf. Poston v. Morgan*, 83 N.C. App. 295, 300, 350 S.E.2d 108, 111 (1986) (where, because of gross negligence of attorney, appeal was not perfected, Rule 60(b) may provide relief). In this case, the errors of law alleged to have been committed by the trial court in entering the equitable distribution judgment were issues which could have been raised in the first appeal to this Court. Therefore, the trial court did not abuse its discretion in denying Mr. Nations' Rule 60(b) motion, as the record can support no other conclusion. *See Vuncannon v. Vuncannon*, 82 N.C. App. 255, 258, 346 S.E.2d 274, 276 (1986) (Rule 60(b) order will not be disturbed on appeal absent an abuse of discretion).

We note that Mr. Nations, wisely, did not pursue, in his brief and oral argument to this Court, his allegation in the motion that

"[t]he trial court should determine that the decision by the North Carolina Court of Appeals . . . was not proper."

### III

Mr. Nations also assigns as error the trial court's grant of Mrs. Nations' motion to compel. He argues only that the reasons which justify the grant of his Rule 60(b) motion also "support . . . his contention that the trial court erred in compelling him to execute a deed." Having rejected Mr. Nations' argument on the Rule 60(b) motion, we likewise reject this assignment of error.

Affirmed.

Judges JOHNSON and WYNN concur.