CARROLL H. CONDELLONE, Plaintiff v. PETER C. CONDELLONE and MARKET MASTER SALES CO., INC., Defendants

No. COA97-967

(Filed 16 June 1998)

1. **Evidence and Witnesses § 671 (NCI4th)— allowance of motion in limine—appellate review of admissibility—offer of evidence at trial**

Defendant former husband failed to preserve for appeal the issue of the admissibility of evidence of plaintiff former wife's cohabitation with an unrelated adult male where the trial court granted plaintiff's motion *in limine* to exclude such evidence, and defendant did not offer evidence of plaintiff's cohabitation at trial.

**2. Divorce and Separation § 39 (NCI4th)— separation agreement—alimony—inadequate remedy at law**

Plaintiff established that she has no adequate remedy at law so that specific performance is available to her to enforce the alimony provision of a separation agreement where the separation agreement had not been incorporated into any court order; defendant has not made alimony payments due under the agreement for approximately five years; and defendant did not satisfy a judgment for arrearages previously obtained by plaintiff.

**3. Divorce and Separation § 39 (NCI4th)— separation agreement—alimony and alimony arrearage—specific performance**

The trial court's order of specific performance requiring defendant former husband to pay plaintiff $1,500 per month in alimony and $1,000 per month in alimony arrearages was supported by (1) the trial court's finding that defendant has the ability to pay such amounts based upon evidence that his tax returns showed that his corporation paid him wages in excess of $4,000 per month and his current wife wages in excess of $6,000 per month, and his corporation pays defendant and his current wife $500 per month to rent office space in defendant's home, pays for cars and medical and dental insurance for defendant and his current wife, and provides life insurance and profit sharing for defendant, and (2) the trial court's finding that defendant engaged in a deliberate pattern of conduct to depress his income and thereby defeat plaintiff's rights under the separation agreement.

**4. Divorce and Separation § 39 (NCI4th)— separation agreement—alimony arrearages—specific performance**

The trial court had the authority to order specific performance of alimony arrearages due under a separation agreement since entry of a previous judgment for arrearages but lacked authority to order specific performance of the unsatisfied previous judgment for arrearages.

**5. Divorce and Separation § 22 (NCI4th)— separation agreement—alimony arrearage—specific performance—change of circumstances—judgment not modifiable**

The trial court could not modify a judgment ordering specific performance of defendant's alimony obligations under a separation agreement pursuant to N.C.G.S. Ch. 50 based upon changed

CONDELLONE v. CONDELLONE

[129 N.C. App. 675 (1998)]

circumstances where the separation agreement had never been incorporated into any court order.

Appeal by defendant, Peter C. Condellone, from judgment dated 4 December 1996 and from order filed 1 May 1997, and cross-appeal by plaintiff from order filed 1 May 1997 by Judge William L. Daisy in Guilford County District Court. Heard in the Court of Appeals 1 April 1998.

*Craige, Brawley, Liipfert & Walker, L.L.P., by William W. Walker, for plaintiff appellant.*

*Wyatt Early Harris & Wheeler, L.L.P., by A. Doyle Early, Jr., for defendant appellant.*

GREENE, Judge.

Peter C. Condellone (Defendant) appeals from the trial court's 4 December 1996 judgment, which ordered specific performance of Defendant's alimony obligations under the parties' separation agreement, and 1 May 1997 order, which terminated Defendant's alimony obligations as of 25 October 1996. Carroll H. Condellone (Plaintiff) likewise appeals from the trial court's 1 May 1997 order.

Plaintiff and Defendant married in March 1969, separated in August 1985, and divorced in November 1986. The parties entered into an agreement on 12 August 1987 (Separation Agreement) to resolve their remaining claims. The Separation Agreement has not been incorporated into any court order. Paragraph 18 of the Separation Agreement provides:

ALIMONY. Husband shall pay to Wife as permanent alimony the following: $1,500.00 per month until Wife remarries or cohabits with an adult male to whom she is neither related nor married or until the death of either Husband or Wife. Said payments are due on or before the 10th day of each month.

Pursuant to this provision of the Separation Agreement, Defendant paid Plaintiff $1,500.00 per month alimony from August 1987 through April 1992. In May 1992, Defendant paid only $800.00. Defendant paid no alimony in June or July of 1992. Defendant paid only $750.00 in August 1992. Since that time, Defendant has made no alimony payments to Plaintiff.

In February 1993, Plaintiff brought a breach of contract suit against Defendant seeking as damages the alimony arrearages then due under paragraph 18 of the Separation Agreement. The trial court entered a judgment by default against Defendant in the amount of $13,450.00 (plus costs). Because this judgment remained unsatisfied and alimony arrearages continued to accrue, Plaintiff subsequently filed three additional actions against Defendant (which were consolidated to form this case) seeking specific performance of paragraph 18 of the Separation Agreement.

In his July 1996 deposition, Defendant testified that the parties' adult son had told Defendant that Plaintiff had cohabited with an unrelated adult male in 1990 or 1992, and Defendant and his current wife testified that Defendant had hired a private detective to investigate Plaintiff "[a]bout a year ago." Defendant filed answers to each of Plaintiff's complaints, but did not raise cohabitation as an affirmative defense in any of these answers. Two days prior to trial, however, Defendant sent Plaintiff a draft of a proposed affidavit from Defendant's private investigator. This affidavit revealed that Defendant's private investigator had evidence that Plaintiff had cohabited with an unrelated adult male from 1 June 1996 through 22 October 1996.

After receiving the private investigator's proposed affidavit from Defendant, Plaintiff made a motion *in limine* requesting the trial court to exclude any evidence that Plaintiff had cohabited with an adult male to whom she was not related or married, on the ground that cohabitation constituted an affirmative defense which Defendant had not raised in his answers. The trial court granted Plaintiff's motion *in limine*, and did not allow Defendant to present evidence of Plaintiff's cohabitation.

In the 4 December 1996 judgment, the trial court found:

Defendant has not asserted and there is no evidence that [D]efendant is excused from performance of the requirements of paragraph 18 [of the Separation Agreement] because . . . [P]laintiff has breached some obligation imposed on her by the Separation Agreement.

The trial court found that Defendant and his current wife are the only directors, officers, and employees of Market Master Sales Co., Inc. (Market Master). "Market Master is in good financial health. It had gross income in 1993 of $202,434.00, in 1994 of $310,732.00, and

CONDELLONE v. CONDELLONE

[129 N.C. App. 675 (1998)]

in 1995 of $432,067.00. Gross income in 1996 should at least equal that of 1996 [sic]." The trial court further found:

> Defendant did not present any evidence of his specific monthly living expenses . . . [and] testified only that he has monthly net income of $2,412.00 and that his living expenses exceed that figure. However, [D]efendant did not provide any factual basis for that statement, and, in light of the other evidence of [D]efendant's income, the Court does not accept it as accurate.

The trial court found that Market Master, in addition to paying Defendant $500.00 per month rent for the use of office space in Defendant's home, pays for the cars driven by Defendant and his current wife and for their medical and dental insurance. Market Master also provides life insurance for Defendant, and profit sharing. Defendant currently has a retirement account with Market Master in excess of $15,600.00. Although Defendant did not present credible evidence of his current income, tax records revealed that Defendant's wages in 1995 were in excess of $4,000.00 per month, and the wages of Defendant's current wife in 1995 were in excess of $6,000.00 per month. Finally, the trial court found that Defendant's salary from Market Master decreased "at about the time that [D]efendant stopped paying [P]laintiff the alimony payments due under the Separation Agreement." The trial court noted that this "evidence[d] a deliberate pattern of conduct by [D]efendant to depress [his] income and thereby defeat [P]laintiff's rights under the Separation Agreement." The trial court found as liabilities payments of $400.00 per month for personal debt, and a $1,154.00 monthly mortgage payment on Defendant's $127,000.00 home. Based on these findings, the trial court concluded that Defendant has the "means and ability to carry out the terms of paragraph 18 of the Separation Agreement and to pay the arrearages due [P]laintiff."

The trial court entered judgment on 4 December 1996 ordering that Plaintiff recover of Defendant $66,000.00 in alimony arrearages which had accrued since entry of the 1993 judgment for damages against Defendant. The trial court ordered Defendant to pay Plaintiff the $1,500.00 monthly alimony payment as provided in the Separation Agreement, as well as an additional $1,000.00 per month until both the $66,000.00 found to be due in this action and the 1993 judgment in the amount of $13,450.00 were paid in full.

Subsequently, on 20 December 1996, Defendant filed a motion for new trial and relief from judgment, pursuant to the North Carolina

Rules of Civil Procedure. In this 20 December 1996 motion, Defendant contended that the trial court should grant a new trial pursuant to Rule 59(a)(4) (newly discovered material evidence), Rule 59(a)(7) (insufficient evidence), Rule 59(a)(8) (error in law), and Rule 59(a)(9) (any other reason heretofore recognized as grounds for new trial). Defendant also contended in his 20 December 1996 motion that the trial court should grant him relief from the 4 December 1996 judgment pursuant to Rule 60(b)(2) (newly discovered evidence), Rule 60(b)(3) (fraud), Rule 60(b)(4) (judgment is void), and Rule 60(b)(5) (judgment is no longer equitable). The trial court denied Defendant's Rule 59 and 60 motion on 1 May 1997. Defendant has not cross-assigned error to this denial, and does not argue in his brief before this Court that this denial constitutes error.

On 23 December 1996, Defendant filed (and served on Plaintiff) a motion to modify the 4 December 1996 judgment pursuant to a material change of circumstances. Defendant's 23 December 1996 motion states: "On October 23, 1996, [Defendant] received significant evidence that [Plaintiff] was cohabitating [sic] in that [Defendant] received a copy of a verified petition filed by [Plaintiff] against Ralph L. Hunt alleging that she and Ralph L. Hunt were living together and that Ralph L. Hunt had assaulted her . . . ." Defendant's 23 December 1996 motion further alleged:

[Defendant] attempted to introduce evidence of cohabitation, including this verified petition, into evidence at the hearing on October 25, 1996 on the issue of the breach of the Separation Agreement and specific performance for the permanent alimony provisions, but the Presiding Judge allowed a motion *in limine* based, in part, upon the finding that "[Defendant] had not raised the issue of cohabitation in any way or otherwise put [P]laintiff on notice of [his] intention to raise the issue of cohabitation at trial," although [Defendant] "had given [P]laintiff only informal notice on October 23, 1996 of [his] intention to raise the issue, when [he] sent [P]laintiff's attorney a draft of a proposed affidavit from a private investigator."

Defendant requested that the 4 December 1996 judgment be modified, terminating Plaintiff's right to future alimony due to "a material change of circumstances occurring since the hearing on October 25, 1996." The trial court, in its order filed 1 May 1997, found that "Plaintiff cohabited with an adult male to whom she is neither related nor married during the period June 1, 1996, to October 22, 1996." The

CONDELLONE v. CONDELLONE

[129 N.C. App. 675 (1998)]

trial court granted Defendant's 23 December 1996 motion to modify and ordered that Plaintiff's right to receive future alimony payments pursuant to the Separation Agreement be terminated "effective as of the trial of this action on October 25, 1996."

The issues are whether: (I) a motion *in limine* is appealable; (II) Defendant was able to pay alimony arrearages; (III) the trial court may order specific performance of a previous judgment; and (IV) the trial court had the authority to modify the 4 December 1996 judgment pursuant to Chapter 50 of the North Carolina General Statutes.

We note preliminarily that Defendant has subjected the majority of his appeal to dismissal due to his failure to state the legal basis for four of his five assignments of error. *See* N.C.R. App. P. 10(c)(1) (requiring "[e]ach assignment of error [to] . . . state plainly, concisely and without argumentation the legal basis upon which error is assigned"); *Kimmel v. Brett*, 92 N.C. App. 331, 335, 374 S.E.2d 435, 437 (1988). In our discretion, however, we address Defendant's contentions. N.C.R. App. P. 2.

*4 December 1996 Judgment*

I

[1] A trial court's ruling on a motion *in limine* is preliminary and is subject to change depending on the actual evidence offered at trial. *T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-49, *disc. review denied*, 346 N.C. 185, 486 S.E.2d 219 (1997). The granting or denying of a motion *in limine* is not appealable. *Id.* To preserve the evidentiary issue for appeal where a motion *in limine* has been granted, the non-movant must attempt to introduce the evidence at trial. *Id.*

In this case, the trial court granted Plaintiff's motion *in limine* to exclude evidence of her cohabitation with an unrelated adult male. Defendant did not offer evidence of Plaintiff's cohabitation at trial, and thus has not preserved this evidentiary issue for appeal.

II

[2] A marital separation agreement which has not been incorporated into a court order is "generally subject to the same rules of law with respect to its enforcement as any other contract." *Moore v. Moore*, 297 N.C. 14, 16, 252 S.E.2d 735, 737 (1979). Where no adequate remedy at law exists, a contract is enforceable through the equitable rem-

CONDELLONE v. CONDELLONE

[129 N.C. App. 675 (1998)]

edy of specific performance. *Id.* A plaintiff who relies on damages to compensate for the breach of a separation agreement which has not been incorporated into a court order generally does not have an adequate remedy at law. *Id.* (noting that specific performance may be awarded "in order to prevent a multiplicity of suits where otherwise the plaintiff would be compelled to bring several actions at law against the same adversary and with respect to the same subject matter").

The plaintiff must wait until payments have become due and the obligor has failed to comply. Plaintiff must then file suit for the amount of accrued arrearage, reduce her claim to judgment, and, if the defendant fails to satisfy it, secure satisfaction by execution. As is so often the case, when the defendant persists in his refusal to comply, the plaintiff must resort to this remedy repeatedly to secure her rights under the agreement as the payments become due and the defendant fails to comply.

*Id.* at 17, 252 S.E.2d at 738.

In this case, the parties' Separation Agreement has not been incorporated into any court order. Defendant has not made monthly alimony payments due under the Separation Agreement since 1992. Plaintiff previously obtained a judgment for damages to recover arrearages due in 1993, but Defendant did not satisfy the judgment. In light of these facts, Plaintiff has established that she has no adequate remedy at law. Specific performance is therefore an appropriate remedy in this case.

As a general proposition, the equitable remedy of specific performance may not be ordered "unless such relief is feasible"; therefore courts may not order specific performance "where it does not appear that defendant can perform." 81 C.J.S. *Specific Performance* § 18, at 733 (1977); *Edwards v. Edwards,* 102 N.C. App. 706, 709, 403 S.E.2d 530, 531 (trial court must make findings of fact concerning the defendant's ability to carry out the terms of the agreement before ordering specific performance), *disc. review denied,* 329 N.C. 787, 408 S.E.2d 518 (1991). In the absence of a finding that the defendant is able to perform a separation agreement, the trial court may nonetheless order specific performance if it can find that the defendant "has deliberately depressed his income or dissipated his resources." *Cavenaugh v. Cavenaugh,* 317 N.C. 652, 658, 347 S.E.2d 19, 23 (1986).

In finding that the defendant is able to perform a separation agreement, the trial court is not required to make a specific finding of the defendant's "present ability to comply" as that phrase is used in the context of civil contempt. *Compare McMiller v. McMiller*, 77 N.C. App. 808, 809, 336 S.E.2d 134, 135 (1985) (civil contempt) *with Rose v. Rose*, 66 N.C. App. 161, 165, 310 S.E.2d 626, 629 (1984) (specific performance of monthly payments "lies within [the defendant's] present means" even though he was insolvent). In other words, the trial court is not required to find that the defendant "possess[es] some amount of cash, or asset readily converted to cash" prior to ordering specific performance. *See McMiller*, 77 N.C. App. at 809, 336 S.E.2d at 135.

[3] The trial court's findings in this case are sufficient to support an order of specific performance. There is no credible evidence of Defendant's current income, but Defendant's tax returns revealed that his wages in 1995 were in excess of $4,000.00 per month, and the wages of his current wife in 1995 were in excess of $6,000.00 per month. In addition, Market Master pays Defendant and his current wife $500.00 per month to rent office space in Defendant's home. Both Defendant's and his current wife's vehicles are paid for by Market Master. Market Master also pays the premiums for medical and dental insurance for Defendant and his current wife, and provides life insurance and profit sharing for Defendant. The trial court found that as of the end of 1995, the value of Defendant's retirement plan with Market Master was approximately $15,600.00. Defendant's home was purchased in 1989 for $127,000.00, and has increased in value since that date. The trial court found that Defendant and his current wife have personal debt in the amount of $400.00 per month, and that they make a monthly mortgage payment of $1,154.00 per month (including taxes and insurance). These findings support the trial court's conclusion that Defendant has the "ability to carry out the terms of paragraph 18 of the Separation Agreement and to pay the arrearages due [P]laintiff." It follows that specific performance of $1,500.00 per month in alimony and $1,000.00 per month in arrearages is feasible for Defendant. In any event, the trial court's order of specific performance is supported by its finding that the records of Defendant's income from his corporation, Market Master, "evidence[] a deliberate pattern of conduct by [D]efendant to depress [his] income and thereby defeat [P]laintiff's rights under the Separation Agreement."

Defendant also contends that the trial court lacked the authority to order specific performance of the arrearages owed through future

periodic payments. Having made sufficient findings to order specific performance of the entire amount owed, it was within the trial court's discretion to order either a lump sum payment of the arrearages or monthly payments.

## III

**[4]** The trial court has the authority to order specific performance of alimony arrearages due under a separation agreement contract in the proper case. *See Moore*, 297 N.C. at 19, 252 S.E.2d at 739 (remanding "for entry of a decree ordering defendant to specifically perform his support obligations under the separation agreement, both as to arrearages and future payments"); *Edwards*, 102 N.C. App. at 709, 403 S.E.2d at 531. The trial court does not, however, have the authority to order specific performance of a previously entered judgment. *See* 81 C.J.S. *Specific Performance* § 2, at 701-02 (1977) (defining specific performance as "an equitable remedy which compels the perform-ance of a *contract*" and noting that specific performance "compel[s] the parties to do the very things they have *agreed* to do" (emphasis added)). It follows that the trial court had the authority to order spe-cific performance of the $66,000.00 found to be in arrears under the Separation Agreement since entry of the 1993 judgment, but lacked the authority to order specific performance of the unsatisfied 1993 judgment in the amount of $13,450.00.

Accordingly, we reverse and remand the 4 December 1996 judgment only insofar as it orders specific performance of the 1993 judgment in the amount of $13,450.00. The remainder of the 4 December 1996 judgment is affirmed.

### 1 May 1997 Modification Order

## IV

**[5]** Defendant's 23 December 1996 motion sought modification of the 4 December 1996 judgment "as a result of a material change of cir-cumstances." Defendant asks the trial court to view evidence of Plaintiff's cohabitation with an unrelated adult male *prior* to 23 October 1996 "as a material change of circumstances occurring *since* the hearing on October 25, 1996." (emphasis added). It is unclear, however, under what authority Defendant's 23 December 1996 motion sought modification of the 4 December 1996 judgment. We note that "[a]ll motions, written or oral, shall state the rule number or numbers under which the movant is proceeding." Super. and Dist. Ct. Rules, Rule 6. Because the relief sought (termination of future alimony pay-

CONDELLONE v. CONDELLONE

[129 N.C. App. 675 (1998)]

ments) and Defendant's grounds for relief (evidence of Plaintiff's cohabitation with an unrelated adult male) are apparent from the face of the motion, however, Defendant's failure to state the authority under which his motion was filed is not a fatal defect. *See Hamlin v. Hamlin*, 302 N.C. 478, 485, 276 S.E.2d 381, 386 (1981). Accordingly, we review the granting of Defendant's 23 December 1996 motion to modify under the available avenues for modification of a final judgment by a trial court (*i.e.*, Chapter 50 of the North Carolina General Statutes and Rules 59 and 60 of the North Carolina Rules of Civil Procedure). In this case, the trial court, in its 1 May 1997 order granting Defendant's 23 December 1996 motion to modify, specifically denied Defendant's 20 December 1996 motion pursuant to Rules 59 and 60.[1] It follows that the trial court did not grant Defendant's 23 December 1996 motion to modify pursuant to its authority under Rules 59 and 60. We therefore address only whether the trial court had the authority to grant Defendant's 23 December 1996 motion to modify pursuant to Chapter 50.

As a general proposition, Chapter 50 of the North Carolina General Statutes gives trial courts the authority to modify a court order incorporating a separation agreement where there is a material change of circumstances. *See, e.g., White v. White*, 296 N.C. 661, 665, 252 S.E.2d 698, 701 (1979).

In this case, the parties' Separation Agreement has never been incorporated into any court order. Neither the earlier judgment against Defendant, in the amount of $13,450.00, nor the judgment against Defendant in this case, in the amount of $66,000.00, transforms the parties' Separation Agreement into an order of the trial court. It follows that the 4 December 1996 judgment could not be modified by the trial court pursuant to Chapter 50 based on the alleged changed circumstances in Defendant's 23 December 1996 motion to modify.

---

1. Defendant did not cross-assign as error or argue in his brief that the trial court erred in denying his Rule 59 and 60 motion. We therefore do not address whether this denial deprived Defendant of an alternative basis in law for supporting the modification order of the trial court. N.C.R. App. P. 10(d). We do note that our courts have recognized that Rule 60(b)(5) grants the trial court broad discretion to relieve a party from a final judgment when "it is no longer equitable that the judgment should have prospective application." *Harris v. Harris*, 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983) (permitting trial court to modify order of specific performance of separation agreement, as long as order does not affect the rights and obligations of the parties under the separation agreement).

Accordingly, we reverse the portion of the 1 May 1997 order granting Defendant's motion for modification and terminating Defendant's alimony obligations.

Affirmed in part and reversed in part.[2]

Judges LEWIS and HORTON concur.

_____

2. In so holding, we are not unaware that we are affirming an order of the trial court requiring Defendant to pay alimony to Plaintiff, in the face of an ultimate finding by the trial court that Plaintiff has breached a condition of her entitlement to alimony, namely that she not cohabit with an unrelated adult male. Although such agreements are generally enforceable and cohabitation in violation of the agreement can support the voiding of the alimony obligation, *see* Robert E. Lee, *2 North Carolina Family Law* § 196 (4th ed. 1980), that question is not presented in this appeal. Our review is necessarily limited to the claims asserted in the trial court and the questions presented on appeal.