CARROLL H. CONDELLONE, Plaintiff v. PETER C. CONDELLONE and MARKET MASTER SALES CO., INC., Defendants

No. COA99-483

(Filed 18 April 2000)

### 1. Civil Procedure— Rule 60 order—changed circumstances

The trial court did not err by granting a defendant's Rule 60 motion for relief from a portion of a judgment requiring prospective alimony payments without a showing of changed circumstances. N.C.G.S. § 1A-1, Rule 60 allows a court to rely upon changed circumstances as grounds for granting a motion for relief from a judgment or order, but there is no requirement of such a showing.

### 2. Civil Procedure— Rule 60 order—findings of fact—not required

An order granting a motion under N.C.G.S. § 1A-1, Rule 60(b) without findings of fact was not in error.

### 3. Appeal and Error— law of the case—issue undecided in prior case

A prior appeal of an alimony action was not the law of the case as to prospective alimony payments where that issue was left undecided.

Appeal by plaintiff from order entered 12 February 1999 by Judge William L. Daisy in Guilford County District Court. Heard in the Court of Appeals 25 January 2000.

*Craige, Brawley, Liipfert & Walker, L.L.P., by William W. Walker, for plaintiff-appellant.*

*Wyatt, Early, Harris & Wheeler, L.L.P., by A. Doyle Early, Jr., for defendant-appellees.*

EDMUNDS, Judge.

Plaintiff wife and defendant husband were married in March 1969, separated in August 1985, and divorced in November 1986. In August 1987, they entered into a Separation Agreement, which reads in pertinent part:

18. ALIMONY. Husband shall pay to Wife as permanent alimony the following:

$1,500.00 per month until Wife remarries or cohabits with an adult male to whom she is neither related nor married or until the death of either Husband or Wife.

Pursuant to this provision, defendant made monthly payments of $1,500.00 to plaintiff from August 1987 to April 1992, partial or no payments from May to August 1992, and no payments thereafter.

In February 1993, plaintiff brought an action for breach of contract against defendant seeking as damages the alimony arrears then due under the Separation Agreement. The trial court entered a default judgment against defendant in the amount of $13,450.00. This judgment remained unsatisfied and arrearages continued to accrue. As a result, plaintiff later filed against defendant three additional actions, which were consolidated for trial. The consolidated actions alleged breach of contract and sought a judgment for arrearages and an order of specific performance.

In October 1996, the consolidated actions were heard without a jury. Two days before the trial commenced, defendant provided plaintiff a draft affidavit from a private investigator who averred that plaintiff was cohabiting with an adult male to whom she was neither related nor married. However, because defendant had not raised the affirmative defense of cohabitation in his answer, the trial court granted plaintiff's motion *in limine* to exclude evidence of plaintiff's cohabitation. Consequently, defendant presented no evidence that he was excused from performing under the contract due to plaintiff's alleged cohabitation.

The court filed its judgment on 4 December 1996, ordering defendant to pay $66,000.00 in alimony arrearages that had accrued since entry of the 1993 judgment. The order required defendant to continue paying monthly alimony of $1,500.00 plus $1,000.00 per month on the arrearages (due under both the 1996 judgment and the 1993 judgment) until paid in full.

On 20 December 1996, defendant filed a Motion for New Trial and Relief from Judgment under N.C. Gen. Stat. § 1A-1, Rules 59 and 60 (1999). Three days later, on 23 December 1996, defendant filed a Motion in the Cause to modify the judgment because of a material change in circumstances, in that plaintiff was cohabiting with another. In an order filed 1 May 1997, the trial court denied defendant's motion for new trial and relief from judgment, but granted

defendant's motion in the cause, finding that "[p]laintiff cohabited with an adult male to whom she is neither related nor married during the period June 1, 1996, to October 22, 1996." Accordingly, the court ordered that plaintiff's right to receive future alimony payments pursuant to the Separation Agreement be terminated "effective as of the trial of this action on October 25, 1996."

Both parties appealed. This Court, in an opinion filed 16 June 1998, affirmed the trial court's December judgment except as to the trial court's order of specific performance of the 1993 judgment and reversed the trial court's May order granting defendant's motion in the cause. *See Condellone v. Condellone*, 129 N.C. App. 675, 501 S.E.2d 690 (hereinafter *Condellone I*), *disc. review denied*, 349 N.C. 354, 517 S.E.2d 889 (1998).

After defendant unsuccessfully sought rehearing by this Court and discretionary review by our Supreme Court, he filed a motion in the trial court, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(5) and (b)(6). The amended motion sought relief from "the Judgment of Specific Performance as to prospective alimony effective June 1996," relief from "the denial of defendant's Rule 59 and Rule 60 Motion and Order dated 1 May 1997," and "such other and further relief as the Court, in law or in equity, may grant." A hearing was held before the trial court on 3 December 1998. Defendant presented no evidence. After considering oral arguments of counsel, the trial court, in an order filed 12 February 1999, granted defendant's motion and relieved defendant "of that portion of the Judgment dated 4 December 1996 ordering specific performance of prospective alimony payments of $1,500.00 per month, and that the prospective alimony payments of $1,500.00 per month are terminated as of October 25, 1996." Plaintiff appeals.

I.

[1] Plaintiff first contends the trial court erred in granting defendant's motion because defendant presented no evidence showing any material change in circumstances since entry of judgment on 4 December 1996. Rule 60(b) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b). Rule 60(b)(5) allows a court to rely upon changed circumstances as grounds for granting a motion for relief from a judgment or order, *see, e.g., Poston v. Morgan*, 83 N.C. App. 295, 350 S.E.2d 108 (1986), but there is no *requirement* of such a showing, *see Buie v. Johnston*, 313 N.C. 586, 589, 330 S.E.2d 197, 199 (1985) ("[A] court may relieve a party from a judgment if, among other reasons, it is no longer equitable that the judgment have prospective application."). Similarly, under Rule 60(b)(6), although the moving party must satisfy a two-prong test before the trial court may grant relief, *see Partridge v. Associated Cleaning Consultants*, 108 N.C. App. 625, 632, 424 S.E.2d 664, 668 (1993) ("A judgment should be set aside under Rule 60(b)(6) only if the movant can show (1) that extraordinary circumstances exist and (2) justice demands that the judgment be set aside."), neither prong of the test requires a showing of changed circumstances, *see City of Durham v. Woo*, 129 N.C. App. 183, 497 S.E.2d 457 (affirming trial court's decision to set aside default judgment pursuant to Rule 60(b)(6) "on the basis of fundamental unfairness"), *cert. denied*, 348 N.C. 496, 510 S.E.2d 380 (1998); *Windley v. Dockery*, 95 N.C. App. 771, 383 S.E.2d 682 (1989) (remanding for grant of relief under Rule 60(b)(6) where movant had no notice that case had been calendared). Accordingly, defendant's failure to present evidence of changed circumstances does not render the trial court's order invalid. This assignment of error is overruled.

II.

[2] Plaintiff contends the trial court's order was in error because it contained no findings of fact. However, this Court consistently has held: "Although it would be the better practice to do so when ruling on a Rule 60(b) motion, the trial court is not required to make findings of fact unless requested to do so by a party." *Nations v. Nations*, 111 N.C. App. 211, 214, 431 S.E.2d 852, 855 (1993); *see also* N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (1999); *McLean v. Mechanic*, 116 N.C. App. 271, 447 S.E.2d 459 (1994); *Grant v. Cox*, 106 N.C. App. 122, 415 S.E.2d 378 (1992). This assignment of error is overruled.

### III.

**[3]** Finally, plaintiff contends the trial court erred in granting defendant's motion because this Court's opinion in *Condellone I* established the "law of the case." Plaintiff argues that the appeal established as the law of the case that plaintiff was entitled to an order requiring defendant to specifically perform his promise to pay alimony pursuant to the Separation Agreement.

"The general rule is that an inferior court must follow the mandate of an appellate court in a case without variation or departure." *Metts v. Piver*, 102 N.C. App. 98, 100, 401 S.E.2d 407, 408 (1991) (citation omitted). However, the general rule only applies to issues actually decided by the appellate court. *See id.* "The doctrine of law of the case does not apply to dicta, but only to points actually presented and necessary to the determination of the case." *Waters v. Phosphate Corp.*, 61 N.C. App. 79, 84, 300 S.E.2d 415, 418 (1983) (citation omitted), *modified and aff'd*, 310 N.C. 438, 312 S.E.2d 428 (1984).

This Court was presented four issues for review in *Condellone I*: (1) whether a motion *in limine* was appealable, (2) whether defendant was able to pay alimony arrears, (3) whether the trial court may order specific performance of a previously-entered judgment, and (4) whether the trial court had the authority to grant defendant's posttrial motion pursuant to Chapter 50 of the North Carolina General Statutes. *See Condellone I*, 129 N.C. App. at 681, 501 S.E.2d at 694-95. Contrary to plaintiff's contention in her brief, this Court did not hold that "[p]laintiff was entitled to an order that defendant specifically perform his promise to pay alimony pursuant to the parties' Separation Agreement and pay arrearages." Rather, with regard to the 4 December 1996 judgment, which required defendant to pay alimony due as of October 1996, the only law of the case established was that the trial court could not order specific performance of the 1993 judgment and could not modify the 4 December 1996 order pursuant to Chapter 50. Plaintiff's entitlement to *prospective* alimony payments due after October 1996 was left undecided by this Court. *See id.* at 686 n.2, 501 S.E.2d at 697-98 n. 2 (The "ultimate finding by the trial court that Plaintiff has breached a condition of her entitlement to alimony . . . is not presented in this appeal.").

This conclusion is supported by other cases decided by our courts. In *Southland Assoc. Realtors v. Miner*, we stated:

> The sole question before this court upon the prior appeal was whether the pleadings, admissions and affidavits contained in the

record proper affirmatively showed that there were no genuine issues of material fact so that plaintiff would be entitled, on the facts established, to judgment in its favor as a matter of law. This court held that the plaintiff had not adequately carried its summary judgment burden, stating that "there was an unresolved issue of material fact" as to the assumability of the defendants' mortgage and, consequently, as to the financial ability of the prospective purchasers to consummate the transaction. The case was not before the court for a decision on the merits; the statement upon which the defendants rely was based upon limited evidence within the record on appeal, was not necessary to the holding that an unresolved issue of fact existed, and was not binding on the subsequent proceedings in the trial court. The prior appeal establishes only that plaintiff was not entitled to summary judgment; it did not establish that plaintiff was not entitled to present its evidence with regard to the disputed issues. The "law of the case" doctrine does not apply.

73 N.C. App. 319, 321, 326 S.E.2d 107, 108 (1985) (internal citations omitted). A similar result was reached in *Edwards v. Northwestern Bank,* where we stated:

Plaintiff contends that a prior reversal of a grant of summary judgment for the bank on this claim renders directed verdict for the bank improper under the "law of the case" doctrine . . . . The prior appeal here was from the grant of a *pre-trial* summary judgment motion. This appeal is from the grant of a *post-plaintiff's evidence* motion for directed verdict. The stage of the trial is different. The evidence before the court is different. The "law of the case" doctrine thus does not apply.

53 N.C. App. 492, 495, 281 S.E.2d 86, 88 (1981) (internal citations and footnote omitted).

Because the trial court's action was not precluded by the law of this case, this assignment of error is overruled.

Affirmed.

Judges GREENE and LEWIS concur.