IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-205

Filed: 6 November 2018

Guilford County, No. 16 CVS 614

QUB STUDIOS, LLC and ERIC ROBERT, Plaintiffs

v.

PHILLIP MARSH and ASHLEY JENKINS, Defendants

Appeal by defendant from order and judgment entered 18 August 2017 by Judge John O. Craig, III in Guilford County Superior Court. Heard in the Court of Appeals 3 October 2018.

> *Roberson Haworth & Reese, P.L.L.C., by Christopher C. Finan and Shane T. Stutts, for plaintiff-appellees.*

> *Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC, by Kara V. Bordman and Lyn K. Broom, for defendant-appellant Ashley Jenkins.*

CALABRIA, Judge.

Where plaintiffs' motion to reconsider was premised upon clerical error, and not an error of law, the trial court had jurisdiction to consider it. Where defendant does not challenge the trial court's decision to grant a motion for relief pursuant to Rule 60(b)(6) of the North Carolina Rules of Civil Procedure, such argument is abandoned and we find no error. Where plaintiffs' original complaint gave clear notice of the subject matter to defendants, and their amended complaint served only to properly reference a previously-attached exhibit, the trial court did not err in permitting the amended complaint to relate back to the original. Where defendant's

motions for relief constituted an impermissible collateral attack, the trial court did not err in denying them. Where the trial court possessed subject matter jurisdiction, it did not err in denying defendant's motion to dismiss for lack of subject matter jurisdiction. Where plaintiffs' amended complaint related back to their original complaint, the trial court did not err in denying defendant's motion to dismiss for failure to state a claim.

Where defendant failed to offer any evidence that the trial court lacked personal jurisdiction over him, and in fact participated in the prior litigation in this matter, the trial court did not err in denying his motion to dismiss for lack of personal jurisdiction. Where no material issues of fact remained to be resolved, the trial court did not err in granting plaintiffs' motion for judgment on the pleadings. Where the trial court entered judgment on the pleadings, the entry of findings of fact would have been inappropriate, and the trial court did not err in denying defendant's request for written findings of fact. We affirm.

I. Factual and Procedural Background

On 20 June 2006, summary judgment was entered against Phillip Marsh ("Marsh") and Ashley Jenkins ("Jenkins") (collectively, "defendants"), in favor of QUB Studios, LLC ("QUB") and Eric Robert ("Robert") (collectively, "plaintiffs"). This judgment ordered defendants to pay damages to plaintiffs. On 8 June 2016, plaintiffs filed a complaint against defendants, alleging that defendants had failed to pay, and

seeking treble damages plus attorney's fees.  On 15 August 2016, the Clerk of Court entered default against Marsh for failure to plead.

On 19 September 2016, Jenkins filed his answer, denying the allegations in the complaint, and moving to dismiss pursuant to Rules 12(b)(1), (2), (4), and (6) of the North Carolina Rules of Civil Procedure, and pursuant to the statute of limitations.  Jenkins further moved for relief from the original summary judgment pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure, and for a jury trial.

On 17 November 2016, plaintiffs moved for summary judgment.  On 10 March 2017, the trial court granted summary judgment in favor of plaintiffs against Marsh, against whom default had been entered.  That same day, in a separate order, the trial court held that plaintiffs' complaint failed to state a claim upon which relief could be granted with respect to Jenkins.  It therefore granted Jenkins' motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure; denied plaintiffs' motion for summary judgment; and denied Jenkins' remaining motions.

On 22 March 2017, plaintiffs filed a motion to reconsider, seeking relief from judgment and to amend their complaint, alleging that Jenkins' motion to dismiss was successful due to "a mere technicality of pleading."  On 17 April 2017, the trial court granted the motion, set aside its prior order, and allowed plaintiffs to amend their complaint.  On 16 June 2017, plaintiffs moved for judgment on the pleadings.  On 17

July 2017, Jenkins requested that the court make findings of fact and conclusions of law on each of its rulings on his motions, pursuant to Rule 52(a) of the North Carolina Rules of Civil Procedure.

On 18 August 2017, the trial court entered its order on plaintiffs' motion for judgment on the pleadings and Jenkins' motions to dismiss and for relief from judgment. The court denied Jenkins' motions, with prejudice, granted plaintiffs' motion for judgment on the pleadings, and awarded damages to plaintiffs. Jenkins appeals.

## II. Jurisdiction

In his first argument, Jenkins contends that the trial court lacked jurisdiction to consider plaintiffs' motion to reconsider and motion to amend. We disagree.

## A. Standard of Review

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

## B. Analysis

Plaintiffs' motions for relief and reconsideration were filed pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure, and premised upon "mistake, inadvertence, surprise, or excusable neglect." On appeal, however, Jenkins contends that the trial court lacked jurisdiction to consider these motions.

Jenkins contends, and we recognize, that "Rule 60(b) provides no specific relief for 'errors of law' and our courts have long held that even the broad general language of Rule 60(b)(6) does not include relief for 'errors of law.'" *Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988). Jenkins argues that plaintiffs' motion, seeking "to correct an error of law[,]" was therefore not proper.

It is here that we must disagree with Jenkins. It is true that Rule 60(b) is not designed to review errors of law, and does not provide relief therefrom. But plaintiffs' motion was not premised upon an error of law. Plaintiffs' motion was premised upon the fact that their initial complaint included two exhibits, but only properly referenced one of them. The error plaintiffs cited was therefore not an error of law, but rather an error of the clerical variety.

Because plaintiffs' motion sought relief based upon plaintiffs' inadvertent clerical error, and not an error of law, relief pursuant to Rule 60(b) was appropriate. We therefore hold that the trial court possessed the jurisdiction to consider the motion.

### III. Motions for Relief

In his second and third arguments, Jenkins contends that the trial court erred in granting plaintiffs' motion for relief, and in denying Jenkins' motions for relief. We disagree.

### A. Standard of Review

"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975).

<u>B. Plaintiffs' Motion to Reconsider</u>

Jenkins contends that plaintiffs "did not submit any evidence/facts to meet the requirements of Rule 60(b)(1) or (6) in order for the trial court to have a basis to grant [plaintiffs'] Rule 60 motion." Accordingly, Jenkins contends that the trial court erred in granting the motion.

Rule 60 of the North Carolina Rules of Civil Procedure governs motions for relief from a judgment or order. Specifically, Rule 60(b) provides that:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) Any other reason justifying relief from the operation of the judgment.

N.C.R. Civ. P. 60(b). Jenkins contends, and we acknowledge, that although attorney error may constitute grounds for relief pursuant to Rule 60(b)(1), ignorance, carelessness, or similarly negligent mistakes evincing a lack of due care do not. *See Briley v. Farabow*, 348 N.C. 537, 546, 501 S.E.2d 649, 655 (1998). However, what is

required is some showing that counsel not only erred, but did so in a negligent manner evincing a lack of due care. Jenkins offers nothing to support a contention that plaintiffs' counsel was negligent in its mistake.

If Jenkins made such a showing, however, that argument would apply only to plaintiffs' motion pursuant to Rule 60(b)(1). Jenkins makes no argument with respect to the motion pursuant to Rule 60(b)(6), the catch-all "any other reason" provision of the rule. Because Jenkins fails to argue this, we deem such argument abandoned. *See* N.C.R. App. P. 28(b)(6) ("[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned"). In the absence of an argument that the trial court erred in granting plaintiffs' motion pursuant to the catch-all provision of Rule 60(b), we hold that the trial court did not err.

### C. Plaintiffs' Motion to Amend

Jenkins further contends that allowing the amendment of the complaint to relate back was prejudicial and erroneous. However, Rule 15(c) of the North Carolina Rules of Civil Procedure, which governs the relation back of amended pleadings, provides that "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." N.C.R. Civ. P. 15(c).

In the instant case, the original complaint named each of the parties, the judgments, and the events central to plaintiffs' claim. The only difference between the original complaint and the complaint plaintiffs sought to introduce as amended was the reference, in the complaint itself, to the attached exhibits. Clearly, the complaint gave notice of the subject matter to both defendants, and Rule 15(c) permitted the amended complaint to relate back to the original. Again, we hold that the trial court did not err in permitting the complaint to relate back.

## D. Jenkins' Motions for Relief

In response to plaintiffs' complaint and amended complaint, Jenkins sought relief from the original summary judgment motion upon which the entire complaint was predicated, pursuant to multiple subsections of Rule 60(b). On appeal, Jenkins contends that the trial court erred in denying these motions for relief.

We note that, unlike plaintiffs' standalone Rule 60(b) motion, which clearly and in detail explained plaintiffs' position and reason for seeking relief, the Rule 60(b) motions found in Jenkins' answers are summary and lack any explanation or support. We further note that, on appeal, Jenkins addresses only his motions pursuant to Rule 60(b)(4) and (6). Since Jenkins raises no arguments with respect to his other Rule 60(b) motions, we deem such arguments abandoned. *See* N.C.R. App. P. 28(b)(6) ("[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned").

All this said, Jenkins' unsuccessful Rule 60(b) motions differ from plaintiffs' in one key detail. Plaintiffs' motion sought relief from a prior order in the instant case. Jenkins' motions, however, sought relief from an order in a separate case.

" 'A collateral attack is one in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid.' " *Clayton v. N.C. State Bar*, 168 N.C. App. 717, 719, 608 S.E.2d 821, 822 (2005) (quoting *Thrasher v. Thrasher,* 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969)). "North Carolina does not allow collateral attacks on judgments." *Id.* (quoting *Regional Acceptance Corp. v. Old Republic Surety Co.,* 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003)). Jenkins' motions for relief in the instant case could not have been granted unless the judgment in the prior case was adjudicated invalid. Jenkins' motions, had they been made in the prior case, may have been appropriate, but here they constituted an impermissible collateral attack. Accordingly, we hold that the trial court did not err in denying Jenkins' Rule 60(b) motions.

## IV. Motions to Dismiss

In his fourth argument, Jenkins contends that the trial court erred in denying his motions to dismiss. We disagree.

### A. Standard of Review

"We review Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction de novo and may consider matters outside the pleadings." *Harris v.*

*Matthews*, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007). "The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd. v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999). With regard to Rule 12(b)(6), "[t]his Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

## B. Analysis

Jenkins moved to dismiss the complaint pursuant to Rule 12(b)(1), governing subject matter jurisdiction; Rule 12(b)(2), governing personal jurisdiction; and Rule 12(b)(6), governing failure to state a claim. On appeal, he contends that the trial court erred in denying his motions to dismiss.

With respect to subject matter jurisdiction, we first note that the instant complaint, seeking enforcement of the prior judgment, was proper. Jenkins does not challenge it, and such challenge is therefore deemed abandoned. *See* N.C.R. App. P. 28(b)(6) ("[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned"). Moreover, as we have already discussed above, the trial court had jurisdiction to consider plaintiffs' motion for

relief, and plaintiffs' amended complaint properly related back to the original. Accordingly, we hold that the trial court had subject matter jurisdiction, and did not err in denying Jenkins' motion to dismiss pursuant to Rule 12(b)(1).

With respect to failure to state a claim, Jenkins contends that the amended complaint would have been dated 2017, more than the ten-year statute of limitations beyond the original 2006 order which plaintiffs sought enforced. Jenkins contends that the amended complaint does not relate back to the original, and thus fails to satisfy the statute of limitations on its face. Again, however, we have addressed this argument above. The amended complaint properly related back to the original complaint, and therefore complied with the necessary statute of limitations. We hold that the trial court therefore did not err in denying Jenkins' motion to dismiss pursuant to Rule 12(b)(6).

Lastly, with respect to personal jurisdiction, Jenkins' argument is oddly conclusory. Jenkins cites North Carolina's two-prong analysis to determine whether a non-resident is subject to personal jurisdiction. Jenkins then cites the case of *Whitener v. Whitener*, 56 N.C. App. 599, 289 S.E.2d 887 (1982), along with a brief summary of its facts. Jenkins then concludes, simply, that "[o]n these facts, our Court of Appeals concluded that there was no personal jurisdiction, . . . and there is none here with regard to Jenkins." Thus, although Jenkins offers case law concerning personal jurisdiction generally, he offers no factual basis as to why the trial court

lacked personal jurisdiction over him specifically. Nor does he indicate any evidence in the record, nor can we find any, which may support this otherwise summary and unsubstantiated defense. Moreover, it cannot be overstated that this matter is premised upon a prior judgment which was entered in Guilford County, to which Jenkins was a party and in which Jenkins participated. As such, we hold that the trial court did not err in denying Jenkins' motion to dismiss pursuant to Rule 12(b)(2).

For all these reasons, we hold that the trial court did not err in denying Jenkins' motions to dismiss.

## V. Judgment on the Pleadings

In his fifth argument, Jenkins contends that the trial court erred in granting plaintiffs' motion for judgment on the pleadings. We disagree.

## A. Standard of Review

"This Court reviews a trial court's grant of a motion for judgment on the pleadings *de novo*." *Carpenter v. Carpenter*, 189 N.C. App. 755, 757, 659 S.E.2d 762, 764 (2008). "[A] motion for judgment on the pleadings should not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law." *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867 (1984).

## B. Analysis

Jenkins contends that he "asserted affirmative defenses including assertions of fact which if taken as true, created fact issues to be decided by a jury." If this were true, it would have precluded the trial court from granting judgment on the pleadings. However, the examples Jenkins gives are various collateral attacks on the original summary judgment order. As we stated above, these collateral attacks are impermissible. Notwithstanding Jenkins' contentions to the contrary, it is undisputed that summary judgment was entered against Jenkins and Marsh in the prior proceeding.

Jenkins additionally contends that the trial court "took judicial notice of the entire contents of the court file for the 2006 matter which converted the motion to one for summary judgment." Jenkins contends that the trial court erred in doing so.

Although there is not significant case law on point within our jurisdiction, we note that the Supreme Court of the United States has addressed this issue unambiguously, stating that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 168 L. Ed. 2d 179, 193 (2007). We find this reasoning persuasive, and agree. The distinction between a Rule 12(c) motion for judgment on the pleadings and a Rule 56 motion for summary judgment is that the latter may

require an evidentiary hearing. In the situation where the trial court takes judicial notice of an established fact – such as the record of the prior proceeding – no hearing is required. As such, the trial court did not convert the proceeding into one for summary judgment by taking judicial notice.

Jenkins presents no other purported issues of fact which might preclude a judgment on the pleadings. Accordingly, we hold that the trial court did not err in granting plaintiffs' motion for judgment on the pleadings.

## VI. Request for Findings

In his sixth argument, Jenkins contends that the trial court erred in denying his request for findings of fact. We disagree.

### A. Standard of Review

"Although it would be the better practice to do so when ruling on a Rule 60(b) motion, the trial court is not required to make findings of fact unless requested to do so by a party." *Nations v. Nations*, 111 N.C. App. 211, 214, 431 S.E.2d 852, 855 (1993) (citing N.C.R. Civ. P. 52(a)(2)).

### B. Analysis

Prior to the entry of the trial court's written order, Jenkins filed a motion pursuant to Rule 52(a) of the North Carolina Rules of Civil Procedure, requesting that the trial court enter findings of fact and conclusions of law when entering its

written order.  The trial court denied this motion.  On appeal, Jenkins contends that this was error.

Jenkins notes, and we agree, that it is appropriate for the trial court to enter findings of fact and conclusions of law when ruling on motions for relief pursuant to Rule 60(b).  *See Condellone v. Condellone*, 137 N.C. App. 547, 550, 528 S.E.2d 639, 642 (2000).  In such a circumstance, it would be appropriate for a party to actively request such findings and conclusions pursuant to Rule 52(a).

However, this Court has noted that, where judgment is appropriate as a matter of law, the entry of findings of fact is contraindicated.  For example, this Court has held that "Rule 52(a)(2) does not apply to the decision on a summary judgment motion because, if findings of fact are necessary to resolve an issue, summary judgment is improper."  *Stone v. Conder*, 46 N.C. App. 190, 195, 264 S.E.2d 760, 763 (1980).  In that same case, this Court held that "[i]n determining a motion for summary judgment, the trial judge is not required to make finding [sic] of fact and conclusions of law and *when he does make same, they are disregarded on appeal*."  *Id.* (emphasis added, citation and quotation marks omitted).

In the instant case, the matter was decided on the pleadings pursuant to Rule 12(c) – that is, as a matter of law.  Findings of fact were not necessary for the trial court to reach its determination.  Rather, if the trial court had to determine facts, judgment on the pleadings would not have been appropriate.  *Id.*  Accordingly, we

hold that the trial court did not abuse its discretion in denying Jenkins' motion for written findings of fact and conclusions of law.

## VII. Conclusion

We hold that the trial court possessed subject matter jurisdiction to hear this case. The trial court did not err in granting plaintiffs' Rule 60 motion, nor in denying Jenkins'. The trial court did not err in denying Jenkins' motions to dismiss. The trial court did not err in granting judgment on the pleadings in favor of plaintiffs. Because judgment on the pleadings is a judgment as a matter of law, findings of fact would have been inappropriate, and the trial court did not err in denying Jenkins' motion for written findings of fact.

AFFIRMED.

Judges TYSON and ZACHARY concur.