IN THE MATTER OF: R.A.H., A MINOR CHILD

No. COA06-537

(Filed 6 March 2007)

## 1. Parent and Child— failure to follow instructions on remand—permanency planning hearing—de facto dismissal of termination proceeding

Although the trial court erred by failing to adhere to the instructions set forth in the Court of Appeals' remand by holding a permanency planning hearing rather than holding a termination hearing, the error was not prejudicial, because the shift to a permanency planning hearing, when coupled with the notice given respondent and the continuance granted to her to allow her counsel to prepare for the hearing, was a de facto dismissal of the termination proceeding.

## 2. Parent and Child— findings of fact—trial court may consider all written reports and materials

Although respondent contends in a permanency planning hearing that the findings of fact made prior to reversal in a termination of parental rights case could not be relied upon by the trial court, in juvenile proceedings trial courts may properly consider all written reports and materials submitted in connection with said proceedings.

## 3. Parent and Child— permanency planning hearing—finding of fact—efforts toward reunification with mother futile

The trial court did not err in a permanency planning hearing by its finding of fact that efforts toward reunification with the mother would be futile, because evidence was presented showing that: (1) there were risks associated with the child returning home; (2) earlier attempts at home placement had failed; and (3)

**IN RE R.A.H.**

[182 N.C. App. 52 (2007)]

respondent mother had failed even to contact the social worker associated with her case since the last review.

**4. Parent and Child— permanency planning hearing—finding of fact—compelling reason why proceeding to termination of parental rights not in minor child's best interest**

The trial court did not err in a permanency planning hearing by its finding of fact that there was a compelling reason why proceeding to a termination of parental rights was not in the minor child's best interest, because the trial court's reliance on the length of time that the child had waited for permanence, when coupled with the other findings of fact, is competent evidence in support of the finding.

**5. Parent and Child— permanency planning hearing—finding of fact—foster parents understand legal significance of appointment of guardianship**

The trial court did not err in a permanency planning hearing by its finding of fact that the trial court verified that the foster parents understand the legal significance of the appointment of guardianship and they have adequate resources to care appropriately for the minor child, because: (1) although the foster parents were not at the hearing, they had been raising the child for six years and had shown every indication that they wished to continue to do so; and (2) the evidence presented by petitioner and the guardian ad litem was also competent to support this finding.

**6. Parent and Child— permanency planning hearing—finding of fact—notice of hearing**

The trial court did not err in a permanency planning hearing by its finding of fact that respondent mother received notice of the hearing and knew petitioner and the guardian ad litem would be asking to change the permanent plan at the hearing, because: (1) respondent merely asserted that the notice was confusing; and (2) respondent did not seriously dispute that she was made aware that petitioner would seek to change the permanent plan the week before the hearing.

**7. Parent and Child— permanency planning hearing—finding of fact—progress toward reuniting with minor child**

The trial court did not err in a permanency planning hearing by its finding of fact that the mother still had not made appropri-

ate progress toward reuniting with the minor child, because: (1) nowhere does respondent allege that she actually presented evidence showing that she had made any progress toward providing a safe home; and (2) maintaining an appropriate bond with one's child, loving and affectionate though it may be, is not enough to persuade the courts to allow reunification in the absence of a safe and healthy home.

**8. Parent and Child— permanency planning hearing—judicial notice—lack of permanence resulting in developmental disabilities**

The trial court did not err in a permanency planning hearing by taking judicial notice of other orders and reports in the court's file that show the minor child's lack of permanence resulted in developmental disabilities, because: (1) the trial court found the juvenile's emotional health continued to deteriorate; and (2) permanency had not been achieved at the time of the finding.

**9. Parent and Child— permanency planning hearing—finding of fact—minor child requested permanence and asked to be adopted by foster parents**

The trial court did not err in a permanency planning hearing by its finding of fact that the minor child herself had requested permanence and asked to be adopted by the foster parents, because: (1) contrary to respondent's assertion, the statement by petitioner's attorney was not the sole supporting evidence for this finding; and (2) the minor child's requests to be adopted are reflected in both the 17 April 2003 and 15 April 2004 social workers' reports.

**10. Parent and Child— permanency planning hearing—finding of fact—foster parents consistently supportive of minor child's connection to mother and half-siblings**

The trial court did not err in a permanency planning hearing by its finding of fact that the foster parents have been consistently supportive of the minor child's connection to the mother and half-siblings, because: (1) the foster mother consistently sent pictures and gifts for birth siblings at Christmas and holiday visits between the minor child and the mother; and (2) at a permanency planning review, the court shall consider information from any person or agency which will aid it in the court's review.

IN RE R.A.H.

[182 N.C. App. 52 (2007)]

**11. Parent and Child— permanency planning hearing—conclusion of law—mislabeling as finding of fact inconsequential**

Although the trial court in a permanency planning case mislabeled as a finding of fact its conclusion of law that the best plan of care to achieve a safe and permanent home within a reasonable period of time is to grant legal guardianship to the foster parents, the conclusion was fully supported by the trial court's twenty-one remaining findings of fact and the mislabeling was inconsequential.

**12. Child Support, Custody, and Visitation— failure to make written findings—awarding of visitation a judicial function that may not be delegated**

Although the trial court erred in a permanency planning hearing by failing to set out in writing the rights and responsibilities that would remain with respondent mother, a review of the orally addressed issue of visitation revealed that the case should be remanded for clarification consistent with this opinion, because: (1) the awarding of visitation of a child is an exercise of a judicial function and the trial court may not delegate this function to the custodian of a child; and (2) the trial court should not assign the granting of visitation to the discretion of the party awarded custody.

**13. Parent and Child— permanency planning hearing—improperly relieving all parties and attorneys of further responsibility**

The trial court erred in a permanency planning hearing by relieving all parties and attorneys of further responsibility and stating that there would be no further hearings held in this matter, and this part of the order is reversed and remanded with instructions, because: (1) N.C.G.S. § 7B-907 provides the general rule that following a permanency planning hearing, subsequent permanency planning hearings shall be held at least every six months thereafter and may be combined with review hearings under N.C.G.S. § 7B-906; and (2) the trial court failed to find all of the criteria under N.C.G.S. § 7B-906(b).

Appeal by respondent from order entered 23 November 2005 by Judge Scott C. Etheridge in Randolph County District Court. Heard in the Court of Appeals 15 November 2006.

IN RE R.A.H.

[182 N.C. App. 52 (2007)]

*David A. Perez for petitioner-appellee Randolph County Department of Social Serivces.*

*Rebekah W. Davis for respondent-appellant mother.*

*John J. Butler for guardian ad litem.*

ELMORE, Judge.

This appeal arises from the district court's order, entered 23 November 2005, modifying the permanent plan for the minor child from termination to guardianship, granting guardianship to the child's foster parents, and ordering that there be no further hearings held in the matter. After careful review, we affirm the order of the trial court in part, and reverse and remand in part.

On 14 July 1998, the Randolph County Department of Social Services (petitioner) filed a neglect petition and assumed custody of the minor child R.A.H. Following an adjudication by the trial court that R.A.H. was neglected, petitioner filed a petition to terminate respondent's parental rights. After a hearing, on 23 August 2002, the trial court issued an order terminating respondent's parental rights. Respondent appealed that order, and on 5 July 2005, this Court reversed the trial court and remanded the case for a new hearing.

Respondent was served notice by mail of a hearing for review on 30 September 2005. The hearing was originally set for 12 October 2005, but was continued by request of respondent's counsel to 20 October 2005. On that date, the trial court, apparently ignoring the specific language of this Court's decision, which remanded the case "for a new termination hearing," instead held a new permanency planning hearing. On 23 November 2005, the trial court entered an order changing the permanent plan from termination and adoption to guardianship. It is from this order that respondent now appeals.

[1] Respondent first assigns error to the trial court's failure to adhere to the instructions set forth in this Court's remand. Respondent argues that rather than holding a termination hearing as this Court instructed, the trial court held a permanency planning hearing without dismissing the termination proceeding or requiring petitioner to give specific notice of the change. While we agree that the trial court erred in not following our instructions, we hold that the error was non-prejudicial.

**IN RE R.A.H.**

[182 N.C. App. 52 (2007)]

Respondent is absolutely correct in her assertion that "[t]he general rule is that an inferior court must follow the mandate of an appellate court in a case without variation or departure." *Condellone v. Condellone*, 137 N.C. App. 547, 551, 528 S.E.2d 639, 642 (2000) (quoting *Metts v. Piver*, 102 N.C. App. 98, 100, 401 S.E.2d 407, 408 (1991)), *disc. review denied*, 352 N.C. 672, 545 S.E.2d 420 (2000). This Court agrees that the trial court should have explicitly addressed the termination proceeding, either by holding a new hearing or by dismissing it entirely. However, its failure to do so was in no way prejudicial to respondent. The shift to a permanency planning hearing,[1] when coupled with the notice given respondent and the continuance granted to her to allow her counsel to prepare for the hearing, was a *de facto* dismissal of the termination proceeding. As such, the trial court's error in failing to properly address the issue as required by this Court was harmless.

**[2]** Respondent's related contention that the findings of fact made prior to reversal could not be relied upon by the trial court is simply incorrect.[2] To the contrary, "[i]n juvenile proceedings, trial courts may properly consider *all* written reports and materials submitted in connection with said proceedings." *In re Ivey*, 156 N.C. App. 398, 402-03, 576 S.E.2d 386, 390 (2003) (quoting *In re Shue*, 63 N.C. App. 76, 79, 303 S.E.2d 636, 638 (1983), *modified and aff'd*, 311 N.C. 586, 319 S.E.2d 567 (1984)) (emphasis added). Accordingly, this aspect of her assignment of error is without merit.

Respondent next contends that a number of the trial court's findings of fact are not supported by sufficient, competent evidence or are not proper findings of fact.[3] "Appellate review of a permanency

---

1. As the Guardian ad Litem correctly notes, permanency planning hearings were properly held both before and after the original appeal. *See* N.C. Gen. Stat. § 7B-907(a) (2005).

2. Respondent's reliance on *Light Company v. Creasman*, 262 N.C. 390, 137 S.E.2d 497 (1964) is utterly misplaced.

3. The trial court was required by statute to consider the following criteria and make written findings to those that apply: "(1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home; (2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established, and if so, the rights and responsibilities which should remain with the parents; (3) Where the juvenile's return home is unlikely within six months, whether adoption should be pursued and if so, any barriers to the juvenile's adoption; (4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why; (5) Whether the county department of

planning order is limited to whether there is competent evidence in the record to support the findings and the findings support the conclusions of law." *In re J.C.S.*, 164 N.C. App. 96,.106, 595 S.E.2d 155, 161 (2004). Because we find no error in the trial court's findings of fact, this contention is without merit.

[3] Respondent first claims error in the trial court's finding: "That efforts towards reunification with the Mother would clearly be futile or would be inconsistent with the minor child's health, safety and need for a safe, permanent home within a reasonable period of time and should, therefore, cease." Respondent argues that no evidence was presented regarding either the child's relationship with her mother or the mother and child's ability to pursue reunification; however, evidence was presented showing that there were risks associated with the child returning home, that earlier attempts at home placement had failed, and that respondent had failed even to contact the social worker associated with her case since the last review. This evidence is competent to support the finding of fact.

[4] Respondent next argues that the trial court's finding that "there is a compelling reason why proceeding to a termination of parental rights . . . is not in the minor child's best interest . . ." was based on incomplete evidence. In this contention, respondent fails to apply the correct standard of review. The issue is not whether the evidence was complete. Rather, the proper course is to determine whether there was evidence competent to support the finding. In this case, the trial court's reliance on the length of time that the child had waited for permanence, when coupled with the other findings of fact, is competent evidence in support of the finding.

[5] Respondent next attacks the trial court's finding that it had "verified that the foster parents understand the legal significance of the appointment of guardianship and they have adequate resources to care appropriately for the minor child[]." While respondent asserts that the foster parents were not at the hearing, she acknowledges that the foster parents had been raising the child for six years, and had shown every indication that they wished to continue to do so. Moreover, the evidence provided by petitioner and the guardian ad litem was also competent to support this finding of fact.

---

social services has since the initial permanency plan hearing made reasonable efforts to implement the permanent plan for the juvenile; (6) Any other criteria the court deems necessary." N.C. Gen. Stat. § 7B-907(b) (2005).

[6] Next, respondent claims that the trial court erred in finding that "the Mother received notice of this hearing . . . and knew [petitioner] and the Guardian ad Litem would be asking to change the permanent plan at today's hearing as she was in Court last week and the same was announced in open court." Respondent acknowledges, however, that she did receive notice of the hearing on the date stated by the court. She merely asserts that the notice was confusing. Furthermore, respondent does not seriously dispute that she was made aware that petitioner would seek to change the permanent plan the week before the hearing. There is no doubt that this finding of fact was amply supported by competent evidence.

[7] Respondent's next claim is that the trial court erred in its finding that "it is clear to the Court that the Mother still has not made appropriate progress towards reuniting with the minor child. The permanent plan has been that of adoption and the Mother has presented no evidence of progress made to reunify with the minor child." Respondent repeats her trial counsel's assertion that this finding is "disingenuous." She argues that her visits with the child were restricted, that she maintained a loving bond with the child, and that she was confused about the nature of the hearing. Respondent also finds fault with the trial court's findings that she failed to visit the child for ten months and that a reunification within the next six months was unlikely. Yet nowhere does respondent allege that she actually presented evidence (or, indeed, that there was any evidence to present) showing that she had made any progress "towards providing a *safe home.*" Here, respondent seems to simply miss the point. Maintaining an appropriate bond with one's child, loving and affectionate though it may be, simply is not enough to persuade the courts to allow reunification in the absence of a safe and healthy home. The trial court's finding was supported by competent evidence.

[8] Respondent next claims that the trial court erred in taking judicial notice of "other Orders and reports in the Court's file that show the minor child's lack of permanence is resulting in developmental disabilities and that situation continues today." Though respondent claims that no connection between the child's lack of permanency and her developmental deficiencies was ever alleged, the trial court found in a Pre-Adoptive Review Order that "[t]he Juvenile's emotional health has continued to deteriorate, and the permanency for the Juvenile is not being achieved in a timely matter." At the time of the finding in question, it is clear that permanency

had not been achieved. As such, the trial court based its finding on competent evidence.

**[9]** Respondent further argues that the trial court's finding "[t]hat the minor child herself has requested permanence and has asked to be adopted by the foster parents," is based solely on a statement made by petitioner's attorney. Respondent is correct that "[s]tatements by an attorney are not considered evidence." *In re D.L.*, *A.L.*, 166 N.C. App. 574, 582, 603 S.E.2d 376, 382 (2004). Respondent is incorrect, however, in her assertion that petitioner's attorney's statement was the sole supporting evidence for the trial court's finding. To the contrary, the minor child's requests to be adopted are reflected in both the 17 April 2003 and 15 April 2004 social workers' reports. Accordingly, there was competent evidence to support the trial court's finding.

**[10]** Next, respondent assigns error to the trial court's finding of fact "[t]hat the foster parents have been consistently supportive of the minor child's connection to the Mother and half-siblings. The foster Mother has consistently sent pictures and gifts for birth siblings at Christmas and holiday visits between the minor child and the Mother." Respondent argues that this language was a direct quote from petitioner's court report. This, however, does not preclude the court from using it to support the court's finding. "At any permanency planning review, the court shall consider information from . . . any . . . person or agency which will aid it in the court's review. The court may consider any evidence . . . that the court finds to be relevant, reliable, and necessary . . . ." N.C. Gen. Stat. § 7B-907(b) (2005). Such reports constitute competent evidence, and the trial court properly relied upon them in reaching its finding of fact.

**[11]** Finally, respondent is correct that the trial court's finding that "[t]he best plan of care to achieve a safe, permanent home for the minor child within a reasonable period of time is to grant legal guardianship to the foster parents," was not a finding of fact, but a conclusion of law. " '[I]f [a] finding of fact is essentially a conclusion of law . . . it will be treated as a conclusion of law which is reviewable on appeal.' " *In re M.R.D.C.*, 166 N.C. App. 693, 697, 603 S.E.2d 890, 893 (2004) (quoting *Smith v. Beaufort County Hosp. Ass'n*, 141 N.C. App. 203, 214, 540 S.E.2d 775, 782 (2000) (quoting *Bowles Distributing Co. v. Pabst Brewing Co.*, 69 N.C. App. 341, 344, 317 S.E.2d 684, 686 (1984))). Nevertheless, this conclusion was fully supported by the trial court's twenty-one remaining findings of fact. Accordingly, its mislabeling was inconsequential in this case.

**[12]** Respondent next assigns error to the trial court's failure to set out the rights and responsibilities that would remain with the mother. Respondent is correct that written findings on that matter are required by statute. *See* N.C. Gen. Stat. § 7B-907(b) (2005) ("[T]he court shall . . . make written findings regarding . . . whether legal guardianship . . . should be established, and if so, the rights and responsibilities which should remain with the parents . . ."). We find it pertinent that while it failed to make such written findings, the trial court did orally address the included issue of visitation, stating that "that will be up to the guardian." We note for the trial court that "[t]he awarding of visitation of a child is an exercise of a judicial function, and a trial court may not delegate this function to the custodian of a child. The trial court should not assign the granting of . . . visitation to the discretion of the party awarded custody . . . ." *In re E.C.*, 174 N.C. App. 517, 522, 621 S.E.2d 647, 652 (2005) (internal quotations and citations omitted). Accordingly, we remand on that issue to the trial court for clarification consistent with this opinion.

**[13]** Respondent also assigns error to that part of the trial court's order relieving all parties and attorneys of further responsibility and stating that there would be no further hearings held in this matter. Because this part of the trial court's order is not permitted by statute, we reverse and remand with instructions.

The general rule is that following a permanency planning hearing, "[s]ubsequent permanency planning hearings shall be held at least every six months thereafter . . . to review the progress made in finalizing the permanent plan for the juvenile, or if necessary, to make a new permanent plan for the juvenile." N.C. Gen. Stat. § 7B-907(a) (2006). These hearings may be combined with review hearings under N.C. Gen. Stat. § 7B-906. N.C. Gen. Stat. § 7B-907 (2006). The trial court may dispense with these hearings under certain circumstances.

> [T]he court may waive the holding of review hearings required by subsection (a) of this section, may require written reports to the court by the agency or person holding custody in lieu of review hearings, or order that review hearings be held less often than every six months, if the court finds by clear, cogent, and convincing evidence that:
>
> (1) The juvenile has resided with a relative or has been in the custody of another suitable person for a period of at least one year;

(2) The placement is stable and continuation of the placement is in the juvenile's best interests;

(3) Neither the juvenile's best interests nor the rights of any party require that review hearings be held every six months;

(4) All parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion; and

(5) The court order has designated the relative or other suitable person as the juvenile's permanent caretaker or guardian of the person.

The court may not waive or refuse to conduct a review hearing if a party files a motion seeking the review. However, if a guardian of the person has been appointed for the juvenile and the court has also made findings in accordance with G.S. 7B-907 that guardianship is the permanent plan for the juvenile, the court shall proceed in accordance with G.S. 7B-600(b).

N.C. Gen. Stat. § 7B-906(b) (2006). The trial court failed to find all of these criteria. Accordingly, we reverse on this issue and remand with instructions to make the findings outlined in the statute.

Having conducted a thorough review, we hold that respondent's additional assignments of error are without merit. Thus, our disposition is as follows: As regards the trial court's modification of the permanent plan to guardianship and the appointment thereto of the foster parents, we affirm the trial court's decision. As regards the trial court's failure to follow this Court's mandate to hold a new termination of parental rights hearing, we hold that the trial court committed harmless error. Finally, as regards the trial court relieving the parties and attorneys of any further responsibility and the trial court's order that no further hearings be held on the matter, we reverse and remand for further consideration in light of the instructions contained in this opinion.

AFFIRMED in part, REVERSED AND REMANDED in part.

Judges HUNTER and McCULLOUGH concur.