IN THE MATTERS OF: P.P. AND M.P., MINOR CHILDREN; EDWARD L. GARRISON, DIREC-
TOR PITT COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER v. R.V.P.,
RESPONDENT

No. COA07-18

(Filed 5 June 2007)

**Child Abuse and Neglect— remand of permanency planning
order—termination of parental rights hearing**

The trial court erred when, following the Court of Appeals'
remand of the prior permanency planning order, it denied
respondent mother's motion for a review hearing under N.C.G.S.
§ 7B-906 and instead proceeded directly to a termination of
parental rights hearing, because: (1) the Legislature did not
intend for its amendment of N.C.G.S. § 7B-1003 to divest trial
courts of jurisdiction over termination petitions during appeals of
dispositional orders, but to nonetheless allow trial courts to
avoid the effect of those appeals once they are decided; and (2)
the Court of Appeals' prior order vacated the trial court's perma-
nency planning order that had changed the permanent plan from
reunification to termination of parental rights, and thus, the per-
manent plan for the children was still reunification.

Judge LEVINSON concurring in a separate opinion.

Appeal by respondent from orders entered 22 August 2006 and 19
October 2006 by Judge P. Gwynett Hilburn in Pitt County District
Court. Heard in the Court of Appeals 23 April 2007.

*Anthony Hal Morris for petitioner-appellee.*

*Michael J. Reece for respondent-appellant.*

GEER, Judge.

Respondent mother appeals from two orders of the district court
denying respondent's pre-hearing motions and terminating her
parental rights with respect to her minor children, P.P. and M.P. On

IN RE P.P. & M.P.

[183 N.C. App. 423 (2007)]

appeal, respondent primarily argues that the trial court erred when, following this Court's decision vacating a permanency planning order, the trial court failed to enter a new permanency planning order in accordance with this Court's opinion and instead proceeded directly to a termination of parental rights ("TPR") hearing. Because the trial court was required to comply with this Court's mandate, we reverse and remand for further proceedings.

## Facts

On 18 March 2003, the trial court entered a permanency planning order that relieved DSS of making further reunification efforts for respondent and her children and changed the children's permanent plan from reunification to adoption. Although respondent appealed this order, DSS went ahead and filed petitions to terminate respondent's parental rights for each of her children.

On 21 December 2004, this Court filed its opinion, concluding that the permanency planning order "lack[ed] any findings of fact or conclusions of law that DSS made 'reasonable efforts' in preventing or eliminating the placement of respondent's children." *In re R.P.*, 167 N.C. App. 654, 605 S.E.2d 743, 2004 N.C. App. LEXIS 2253, *8, 2004 WL 2937920, *3 (Dec. 21, 2004) (unpublished). This Court consequently vacated the permanency planning order and remanded the case to the trial court for entry of findings of fact and conclusions of law as to whether DSS had made reasonable efforts to prevent or eliminate the need for placement of respondent's children. *Id.*[1]

The mandate resulting from this opinion issued on 10 January 2005. N.C.R. App. P. 32(b). At a 13 January 2005 hearing, the trial court did not address the opinion entered by this Court, but instead continued the hearing. No other action was taken in the case until February 2006, more than a year later, when DSS noticed both a permanency planning and a TPR hearing for 23 March 2006. In response, respondent moved the trial court to continue the TPR hearing and instead hold a "remand hearing."

Although the record is unclear, it appears that the 23 March 2006 hearing was never held and, instead, on 28 March 2006, DSS filed new petitions to terminate respondent's parental rights. In answering these petitions, respondent again moved the trial court to continue the TPR hearing and to hold a review hearing in order to enter a new

---

1. The facts regarding DSS' involvement with respondent through entry of the permanency planning order are fully set forth in our previous opinion.

permanency planning order. In August 2006, the trial court denied respondent's motions.

The hearing on DSS' petitions to terminate respondent's parental rights was conducted during the 7 September 2006 session of Pitt County District Court. On 19 October 2006, the trial court issued an order concluding that various grounds existed to terminate respondent's parental rights, that termination would be in the children's best interests, and that respondent's parental rights should be terminated. Respondent has appealed both the August 2006 order denying her motions and the 19 October 2006 order terminating her parental rights.

## Discussion

Respondent primarily argues that the trial court erred when, following this Court's remand of the prior permanency planning order, it denied her motion for a review hearing under N.C. Gen. Stat. § 7B-906 (2005) and instead proceeded directly to a TPR hearing. N.C. Gen. Stat. § 7B-906(a) provides: "In any case where custody is removed from a parent, guardian, custodian, or caretaker the court shall conduct a review hearing within 90 days from the date of the dispositional hearing and shall conduct a review hearing within six months thereafter." Further, "[t]he court may not waive or refuse to conduct a review hearing if a party files a motion seeking the review." N.C. Gen. Stat. § 7B-906(b).

Here, the parties do not dispute that following this Court's remand, respondent sought a review hearing under N.C. Gen. Stat. § 7B-906(a), that the trial court denied this request, and that this was error under N.C. Gen. Stat. § 7B-906(b). In addition, the trial court never complied with the mandate of this Court resulting from its December 2004 opinion. Generally, " 'an inferior court must follow the mandate of an appellate court in a case without variation or departure.' " *In re R.A.H.*, 182 N.C. App. 52, 57, 641 S.E.2d 404, 407 (2007) (quoting *Condellone v. Condellone*, 137 N.C. App. 547, 551, 528 S.E.2d 639, 642, *disc. review denied*, 352 N.C. 672, 545 S.E.2d 420 (2000)).

It may be that petitioner and the trial court believed that they could proceed with the TPR hearing, despite the appeal of the permanency planning order, under *In re R.T.W.*, 359 N.C. 539, 614 S.E.2d 489 (2005). In *R.T.W.*, our Supreme Court concluded that once a parent's parental rights had been terminated, the parents' prior appeal of

a combined custody review/permanency planning order necessarily became moot. *Id.* at 553, 614 S.E.2d at 498. *See also In re V.L.B.*, 164 N.C. App. 743, 746, 596 S.E.2d 896, 898 (2004) (concluding parent's appeal of permanency planning order was mooted by trial court's subsequent termination of parental rights because ruling on parent's current appeal could "have no practical effect on the existing controversy").

Our General Assembly has, however, rewritten the statutory provisions governing trial court dispositions of abuse, neglect, and dependency proceedings pending appeal. 2005 N.C. Sess. Laws 398, sec. 12. In pertinent part, N.C. Gen. Stat. § 7B-1003(b)(1) (2005) now provides that during the appeal of a dispositional order, the trial court shall "[c]ontinue to exercise jurisdiction and conduct hearings under this Subchapter *with the exception of Article 11 of the General Statutes*[.]" (Emphasis added.) Article 11, N.C. Gen. Stat. §§ 7B-1100 through -1113 (2005), sets out North Carolina's law pertaining to termination of parental rights. This Court has previously noted that, by rewriting N.C. Gen. Stat. § 7B-1003, the General Assembly effectively superceded the mootness analysis set forth in *R.T.W. In re A.B.*, 179 N.C. App. 605, 608 n.2, 635 S.E.2d 11, 14 n.2 (2006).

The new statutory provisions are applicable to petitions filed on or after 1 October 2005. Since the petitions at issue in this case were filed 28 March 2006, the trial court was not allowed to conduct a TPR hearing during the pendency of the appeal of the permanency planning order.

We acknowledge that because the hearing on the petitions in this case occurred after this Court's mandate had issued, it was not, strictly speaking, in violation of N.C. Gen. Stat. § 7B-1003. Nevertheless, it is a well settled rule of statutory construction that, " 'where a literal interpretation of the language of a statute would contravene the manifest purpose of the statute, the reason and purpose of the law will be given effect and the strict letter thereof disregarded.' " *In re A.C.F.*, 176 N.C. App. 520, 523, 626 S.E.2d 729, 732 (2006) (quoting *In re Banks*, 295 N.C. 236, 240, 244 S.E.2d 386, 389 (1978)).

Although the trial court in the present case waited until this Court resolved respondent's prior appeal before ruling on DSS' TPR petitions, the trial court nevertheless avoided this Court's resolution of that appeal by summarily denying respondent's motions for a review hearing and, instead, proceeding directly to ruling on DSS' TPR peti-

**IN RE P.P. & M.P.**

[183 N.C. App. 423 (2007)]

tions. We do not believe that the Legislature intended for its amendment of N.C. Gen. Stat. § 7B-1003 to divest trial courts of jurisdiction over termination petitions during appeals of dispositional orders, but to nonetheless allow trial courts to avoid the effect of those appeals once they are decided. *Cf. In re J.D.C.*, 174 N.C. App. 157, 164, 620 S.E.2d 49, 53 (2005) (applying certain provisions of Juvenile Code, despite Legislature's failure to explicitly delineate their applicability, because "any other interpretation would contravene the intent of the Juvenile Code").

As a result, we conclude that the trial court erred in proceeding with the termination of parental rights hearing before complying with this Court's mandate regarding the permanency planning order. Indeed, we also note that the trial court's failure to comply with the mandate in this case has resulted in a procedural anomaly. This Court's prior opinion vacated the trial court's permanency planning order—the order that had changed the permanent plan from reunification to termination of parental rights. *R.P.*, 167 N.C. App. 654, 605 S.E.2d 743, 2004 N.C. App. LEXIS 2253 at *8, 2004 WL 2937920 at *3. At that point, the permanency planning order was "void and of no effect." *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 393, 545 S.E.2d 788, 793, *aff'd per curiam*, 354 N.C. 564, 556 S.E.2d 294 (2001). As a result, the trial court erred when it proceeded to a TPR hearing while the permanent plan for the children was still reunification.

For the foregoing reasons, we vacate the trial court's orders terminating respondent's parental rights. We remand for further proceedings in accordance with our prior opinion. Given the passage of time, it may be appropriate for the trial court to take additional evidence regarding the children's permanent plan, but we leave that decision to the discretion of the trial court.

Vacated.

Judge STEELMAN concurs.

Judge LEVINSON concurs by separate opinion.

LEVINSON, Judge concurring by separate opinion.

I agree the order on termination of parental rights must be reversed, but for reasons that differ from those set forth in the majority opinion.

**IN RE P.P. & M.P.**

[183 N.C. App. 423 (2007)]

This Court, in *In re R.P.*, 167 N.C. App. 654, 605 S.E.2d 743, (2004) (unpublished), reversed the 18 March 2003 permanency planning order because the trial court did not include any findings to support its conclusion that DSS made reasonable efforts to prevent or eliminate the placement of respondent's children. In doing so, this Court expressly refused to address whether the trial court's decision to change the plan from reunification to adoption was error. As the majority opinion correctly observes, reunification was the permanent plan at the time this matter was remanded by virtue of this Court's setting aside of the 18 March 2003 review order. It is significant, too, that respondent sought a review hearing on remand before the hearing on termination that resulted in the order that is now the subject of this appeal.

In my view, the order on termination of parental rights must be reversed as a result of the trial court's failure to hold a permanency planning hearing on remand because the statutory considerations contained in N.C. Gen. Stat. § 7B-907 (2005) concerning the establishment of a permanent plan do not mirror the best interest considerations contained in N.C. Gen. Stat. § 7B-1110 (2005) concerning termination of parental rights.

Section 7B-907 guides the trial court's determination of a permanent plan, while the court's exercise of discretion in determining whether to terminate parental rights is counseled by Section 7B-1110. Here, a trial court could have decided, after examining those factors contained in Section 7B-907, that some option other than adoption should be the permanent plan even though it could, if confronted with the best interests determination for the purposes of termination of parental rights on the same evidence, conclude that termination was appropriate.

One could assert that the trial court, by terminating parental rights as it did here, necessarily determined that reunification was not in the best interests of the juveniles and that adoption should be the permanent plan. However, one cannot logically conclude that this will always hold true because, again, the required considerations contained in Section 7B-907 largely differ from those contained in Section 7B-1110. As a result, the order on termination must be reversed even though doing so may prove futile in light of that which is revealed by the record on appeal.

I make several additional observations. First, the trial court's failure on remand to reexamine whether DSS made reasonable

efforts to prevent or eliminate the placement of respondent's children is not integral to my decision to reverse. Secondly, it cannot be seriously questioned that the inferior courts of this State must follow the directives of this Court. However, their failures to do so do not always require reversal of an order entered in contradiction of such directives. *See, e.g., In re Faircloth,* 153 N.C. App. 565, 571 S.E.2d 65 (2002); *In re R.A.H.,* 182 N.C. App. 52, 641 S.E.2d 404 (2007). Finally, the holding in this appeal—that the order on termination cannot be sustained because of the failure of the trial court to hold a permanency planning hearing—is inconsistent to some extent with the truism that the trial court will oftentimes adjudicate a motion or petition to terminate parental rights where it is not already exercising any form of jurisdiction over the child. *See* N.C. Gen. Stat. § 7B-1103 (2005) ("Who may file a petition or motion"). Indeed, there is oftentimes <u>no</u> "permanent plan" in place when termination is sought by certain persons. Nevertheless, on these facts, where the juvenile court was already involved in the life of these juveniles, and where it was responsible for establishing a plan <u>as counseled by the criteria set forth in Section 7B-907</u>, it was required to hold a new review hearing.

I limit my holding to the specific facts of this case. For the foregoing reasons only, I agree the order on termination of parental rights must be reversed.