IN THE MATTER OF: M.T.T., Minor Child,
CAROLYN T. DAWKINS, MICHAEL THOMAS DAWKINS, Petitioners,
v.
MICHAEL McCUNE, Respondent.
No. COA09-1148.
Court of Appeals of North Carolina.
Filed April 20, 2010.
No brief for Petitioners-Appellees.
David A. Perez for Respondent-Appellant.

UNPUBLISHED OPINION
McGEE, Judge.
Respondent-Father appeals the 20 May 2009 order that reinstated a 6 December 2007 order terminating Respondent-Father's parental rights as to the minor child, M.T.T. For the following reasons, we vacate the 20 May 2009 order.
This is the second appeal in a termination of parental rights case involving the minor child, M.T.T. The procedural facts of this case show that in April 2007, Petitioners Carolyn T. Dawkins and Michael Thomas Dawkins (Petitioners) filed a petition to terminate the parental rights of Respondent-Father. The trial court entered an order on 6 December 2007 terminating the rights of Respondent-Father based upon the grounds of abandonment (the 2007 order). Respondent-Father appealed to this Court.
In an unpublished opinion filed 17 June 2008, this Court raised the issue of subject matter jurisdiction ex mero motu. In re M.T.T., 191 N.C. App. 251, 662 S.E.2d 405, 2008 WL 2420735 (2008) (unpublished). Citing In re K.A.D., 187 N.C. App. 502, 504, 653 S.E.2d 427, 428-29 (2007), our Court held that, without proper issuance of a summons to M.T.T., the trial court did not have subject matter jurisdiction over the termination petition. In re M.T.T., 191 N.C. App. 251, 662 S.E.2d 405, 2008 WL 2420735 at *1. Accordingly, our Court vacated the 2007 order for lack of subject matter jurisdiction. Id.
Petitioners filed a second petition to terminate the parental rights of Respondent-Father on 26 June 2008. Respondent-Father filed a reply on 1 August 2008. In March 2009, Petitioners filed a "Motion to Re-instate Judgement [sic]" asking the trial court to reinstate the 2007 order. Respondent-Father filed a "Motion to Dismiss & Response to Motion to Re-instate Judgment" on 13 March 2009.
The trial court heard Petitioners' motion on 28 April 2009. In an order entered 20 May 2009, the trial court granted Petitioners' motion to reinstate the 2007 order. The trial court found that the 2007 order had been vacated for lack of subject matter jurisdiction pursuant to this Court's 17 June 2008 opinion. The trial court further found that, in In re J.T., 363 N.C. 1, 672 S.E.2d 17, (2009), the North Carolina Supreme Court "clarified the status of the law, that failure to serve the subject juvenile in a termination case may have implications for personal jurisdiction, but does not deprive a Court of subject matter jurisdiction." Based upon In re J.T., the trial court in this case concluded that it had subject matter jurisdiction to hear Petitioners' motion; that Petitioners' motion should be granted; and that the 2007 order should be affirmed. Respondent-Father appeals.
Respondent-Father contends the trial court erred in re-instating the 2007 order. We agree.
Our Court's 17 June 2008 opinion vacated the trial court's 2007 order. Once the 2007 order was vacated by this Court, it was "void and of no effect." Friend-Novorska v. Novorska, 143 N.C. App. 387, 393, 545 S.E.2d 788, 793, aff'd per curiam, 354 N.C. 564, 556 S.E.2d 294 (2001). See also In re P.P., 183 N.C. App. 423, 427, 645 S.E.2d 398, 401 (2007) (permanent plan vacated by this Court became "void and of no effect"). Because the trial court's 2007 order was "void and of no effect[,]" there was no termination order for the trial court to reinstate, or to affirm, in its 20 May 2009 order. "[T]he general rule is that an inferior court must follow the mandate of an appellate court in a case without variation or departure." In re R.A.H., 182 N.C. App. 52, 57, 641 S.E.2d 404, 407 (2007) (internal citations omitted). For the foregoing reasons, we vacate the trial court's 20 May 2009 order, which re-instated its 2007 order terminating Respondent-Father's parental rights.
Vacated.
Judges HUNTER and ERVIN concur.
Report per Rule 30(e).