BONNIE SCHAEFER AND ROBERT D. BEVAN, III, PETITIONERS v. TOWN OF HILLSBOROUGH, A NORTH CAROLINA MUNICIPALITY AND ITS BOARD OF ADJUSTMENT, RESPONDENT

No. COA10-968

(Filed 5 July 2011)

### 1. Zoning— conditional use permit—order on remand—properly carried out mandate

The superior court's order on remand directing the Board of Adjustment to issue the conditional use permit for which petitioners applied "without application of any new or different conditions" properly carried out the mandate of the Court of Appeals.

### 2. Costs— zoning proceeding—taxed against respondent—no abuse of discretion

The superior court did not abuse its discretion in taxing the cost of a zoning proceeding against respondent Town of Hillsborough. The superior court was acting in accordance with the judgment of the Court of Appeals in *Schaefer I* and the Rules of Appellate Procedure.

Appeal by respondent from judgment entered 1 March 2010 by Judge Abraham Penn Jones in Orange County Superior Court. Heard in the Court of Appeals 25 January 2011.

*The Brough Law Firm, by Robert E. Hornik, Jr., for respondent-appellant.*

*Brown & Bunch, PLLC, by LeAnn Nease Brown and James R. Baker, for petitioner-appellees.*

BRYANT, Judge.

Because this Court, in a prior appeal of this case, ordered that the matter be remanded "for entry of judgment directing the [Board of Adjustment] to issue the conditional use permit for which petitioners applied[,]" *Schaefer v. Hillsborough*, COA No. 08-796, slip op. at 12-13 (N.C. App. 4 August 2009), and, as a general rule, "an inferior court must follow the mandate of an appellate court in a case without variation or departure," *In re R.A.H.*, 182 N.C. App. 52, 57, 641 S.E.2d 404, 407 (2007) (quoting *Condellone v. Condellone*, 137 N.C. App. 547, 551, 528 S.E.2d 639, 642 (2000)), the order of the Superior Court compelling the issuance of a conditional use permit without additional conditions is affirmed.

Bonnie Schaefer and Robert D. Bevan, III, ("petitioners") own 2.74 acres of land located in the Historic District of Hillsborough, North Carolina ("the Property"). The Property is zoned R-20, Medium Intensity Residential, and this classification permits the development of single and two family residences. Additional zoning requirements limit the number of permitted dwelling units on the Property to 5.9 units. The petitioners wanted to construct five duplexes, or a total of ten dwelling units, on the Property. They submitted an application to the Hillsborough Board of Adjustment pursuant to the Town of Hillsborough Zoning Ordinance ("the Ordinance") for a conditional use permit that would grant them a "density bonus," permitting the petitioners to construct up to a maximum of eleven dwelling units. The application met each of the objective size and lot requirements of the Ordinance.

After two public hearings, the Board of Adjustment determined that the proposal did not conform "with the general plans for the physical development of the Town as embodied in these regulations or in the Comprehensive Plan . . . ." Specifically, the Order stated that the proposed development violated § 4.3(d) because (1) the proposed development was deemed to be out of character with the existing structures and uses of the area; and (2) the proposal would violate two goals of *Hillsborough's Vision 2010* Plan.

This is the second appeal of this matter to this Court. In an unpublished opinion filed 4 August 2009 (COA08-796) (hereinafter *Schaefer I*), this Court addressed whether the Orange County Superior Court erred in upholding, as a matter of law, the ruling of the Hillsborough Board of Adjustment which denied petitioners Bonnie Schaefer and Robert Bevan's application for a conditional use permit. We held that the Superior Court "erred as a matter of law when [it] concluded that respondent provided an appropriate basis for the denial of the permit." *Schaefer I*, at 12. The lower court's ruling was reversed, and we remanded the matter "for entry of judgment directing the [Board of Adjustment] to issue the conditional use permit for which petitioners applied." *Schaefer I*, at 12-13.

On remand, the Superior Court, on 1 March 2010, entered an order stating that the decision of the Town of Hillsborough municipality and its Board of Adjustment, denying petitioners' application for a conditional use permit, was reversed and ordered the Board "to immediately issue the Conditional Use Permit for which Petitioners applied, without application of any new or different con-

ditions or ordinance requirements . . . ." Respondent Town of Hillsborough and its Board of Adjustment appeal.

**[1]** On appeal, respondent make four arguments raising the following two issues: (I) Whether the Board of Adjustment may impose conditions upon the conditional use permit it was ordered to issue; and (II) whether the lower court abused its discretion in taxing the cost of the proceeding against respondent Town of Hillsborough.

### Standard of Review

This Court has stated that the task of a court reviewing a town board's decision when the town board has acted as a quasi-judicial body includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Robins v. Town of Hillsborough*, 361 N.C. 193, 198, 639 S.E.2d 421, 424 (2007) (*Coastal Ready Mix Concrete Co. v. Bd. of Comm'rs.*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980)).

The initial decision of the Town of Hillsborough Board of Adjustment to deny petitioners a conditional use permit was determined by this Court in *Shaefer I* to be an unlawful exercise of legislative power. This Court remanded the matter to the Superior Court "for entry of a judgment directing the [Board of Adjustment] to issue the conditional use permit for which petitioners applied." *Schaefer I*, No. COA08-796, slip op. at 10 (N.C. App. 4 August 2009). Respondent appeals from the Superior Court order on remand directing that respondent "issue the Conditional Use Permit for which Petitioners applied, *without application of any new or different conditions . . . .*"

" '[T]he general rule is that an inferior court must follow the mandate of an appellate court in a case without variation or departure.' " *In re R.A.H.*, 182 N.C. App. at 57, 641 S.E.2d at 407 (citation omitted).

> In our judicial system the Superior Court is a court subordinate to the [appellate level courts]. . . . No judgment other than that directed or permitted by the appellate court may be entered. 'Otherwise, litigation would never be ended, and the [appellate level courts] of the state would be shorn of authority over inferior tribunals.'

*D & W, Inc. v. City of Charlotte*, 268 N.C. 720, 722-23, 152 S.E.2d 199, 202 (1966) (citations omitted).

> The certified appellate decision is sent to the trial court which must then "direct the execution thereof to proceed." N.C.G.S. § 1-298 (1983). There is no statutory authority to do otherwise. Though the action is remanded to the trial court for execution, this procedural step is merely for "clarity, continuity, and for the convenience of those who may examine the records thereafter—, but the efficacy of our mandate does not depend upon the entry of an order by the court below." *D & W, Inc.*, at 723-24, 152 S.E.2d 203.

*Severance v. Ford Motor Co.*, 105 N.C. App. 98, 100-01, 411 S.E.2d 618, 620 (1992).

As this Court, in *Schaefer I*, remanded the matter "for entry of judgment directing the [Board of Adjustment] to issue the conditional use permit for which petitioners applied[,]" rather than for further proceedings, the Superior Court order commanding the issuance of the conditional use permit "without application of any new or different conditions . . ." properly carries out the mandate of this Court. Therefore, the order is affirmed, and we need not further address respondent's arguments presented in issue *I*.[1]

*II*

**[2]** Respondent argues that the Superior Court abused its discretion by taxing it with the costs of the action. Respondent further contends that the Superior Court had no reason other than suspicion "that Respondent Appellant Town of Hillsborough had greater resources than Petitioners." We disagree.

Pursuant to the North Carolina Rules of Appellate Procedure 35(a), "if a judgment is reversed, costs *shall* be taxed against the

---

1. We note respondent's arguments regarding its authority, by statute and ordinance, to impose conditions upon approval of a conditional use permit. However, because this Court previously ordered respondent to issue the conditional use permit following respondents' improper denial, and respondent thereafter issued the mandate with conditions, we will not consider respondent's arguments.

SCHAEFER v. TOWN OF HILLSBOROUGH

[213 N.C. App. 212 (2011)]

appellee unless otherwise ordered." N.C. R. App. P. 35(a) (2008) (emphasis added). Further, Rule 35(c) states, "[a]ny costs of an appeal which are assessable in the trial tribunal shall upon receipt of the mandate be taxed as directed therein and may be collected by execution of the trial tribunal." N.C. R. App. P. 35(c). In *Schaefer I*, this Court reversed the ruling of the lower court. On remand, the Superior Court ordered that the costs be taxed against the appellee, Town of Hillsborough. While " 'the general rule is that an inferior court must follow the mandate of an appellate court in a case without variation or departure,' " the Superior Court was acting in accordance with the judgment of this Court in *Schaefer I* and our Rules of Appellate Procedures. *In re R.A.H.*, 182 N.C. App. at 57, 641 S.E.2d at 407 (citation omitted). Accordingly, the appellee in *Schaefer I*, Town of Hillsborough, was properly taxed with the costs. Therefore, we affirm the order of the Superior Court.

Affirmed.

Judges McGEE and BEASLEY concur.