An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-938

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014


IN THE MATTER OF:                    Madison County
                                     No. 11 JA 36
B.K.


Appeal by respondent-mother from order entered 5 October 2012 by Judge F. Warren Hughes in Madison County District Court. Heard in the Court of Appeals 27 February 2014.

> *Larry Leake, for petitioner-appellee Madison County Department of Social Services.*
>
> *Windy H. Rose, for respondent-appellant mother.*
>
> *Womble Carlyle Sandridge & Rice, LLP, by Whitney A. Passmore, for guardian ad litem.*


CALABRIA, Judge.


Mother ("respondent") appeals from a permanency planning order awarding guardianship of B.K. ("Bryson")[1] to his paternal grandparents. We affirm in part and remand in part.

## I. Background

---

[1] We use this pseudonym to protect the juvenile's privacy and for ease of reading.

On 1 August 2011, the Madison County Department of Social Services ("DSS") obtained non-secure custody of Bryson after filing a petition alleging that Bryson's parents were using methamphetamine and other drugs and that Bryson was a neglected and dependent juvenile. The petition also alleged that a Child Abuse Medical Evaluation had been completed, and the findings were consistent for neglect due to exposure to domestic violence and substance abuse. Bryson's one-year-old niece, who had also been in the home[2], tested positive for methamphetamine in a hair follicle test. The petition further alleged that respondent was incarcerated, that Bryson's father was a fugitive wanted for felony offenses, and that Bryson had been placed with James and Judy Fowler, his paternal grandparents. According to the petition, Bryson's needs were being met by his grandparents, but they had no legal means of acquiring medical care or academic services for him.

The trial court adjudicated Bryson dependent based upon the consent of both parents. In subsequent disposition orders, the trial court continued custody of Bryson with DSS and ordered respondent to comply with her case plan, including completion of a mental health assessment. The trial court was concerned that

---

[2] Only Bryson is the subject of this appeal.

respondent needed mental treatment and appointed a Guardian *ad litem* for her. The Guardian *ad litem* reported to the trial court that respondent had submitted a fraudulent psychological evaluation to the court during a previous hearing in the instant case. The court ordered visitation ceased pending further orders, Bryson's placement with his grandparents to continue, "appropriate action" for respondent's perjury regarding the false evaluation, and a further permanency planning hearing on 27 August 2012.

At the permanency planning hearing, DSS presented evidence through the testimony of one social worker. Respondent did not offer any evidence. In an order entered 5 October 2012, the trial court found that it was not possible for Bryson to return home within the next six months and awarded guardianship of Bryson to his paternal grandparents. Respondent is the only parent to appeal this order.

As an initial matter, we note that respondent filed her notice of appeal on 9 May 2013, well outside the thirty day provision of Rule 3 of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 3(c) (2012). Generally, failure to comply with Rule 3 of our Rules of Appellate Procedure requires dismissal of the appeal. *In re I.S.*, 170 N.C. App. 78, 84, 611

S.E.2d 467, 471 (2005). However, under appropriate circumstances, "[t]his Court can exercise its discretion and treat an appellant's appeal as a petition for a writ of certiorari." *Id.* (citations omitted). Since cases regarding parental rights have such serious consequences and DSS did not contest respondent's failure to comply with Rule 3, we exercise our discretion to grant *certiorari* and address the merits of respondent's appeal.

## II. Permanency Planning Hearing

Respondent first argues that the trial court erred by failing to make sufficient findings required by N.C. Gen. Stat. § 7B-907(b) (2011).[3] Specifically, she contends that the trial court failed to make any findings explaining why Bryson could not be returned home within six months. We disagree.

"The purpose of the permanency planning hearing shall be to develop a plan to achieve a safe, permanent home for the juvenile within a reasonable period of time." N.C. Gen. Stat. § 7B-907(a) (2011). If the juvenile is not returned home, the

---

[3] This section was repealed on 1 October 2013 and replaced by N.C. Gen. Stat. § 7B-906.1(e) (2013). The effective date is applicable to actions filed or pending on or after this date. N.C. Session Laws 2013-129, §§ 25, 26, 41. Because the order at issue was entered on 5 October 2012, N.C. Gen. Stat. § 7B-907(b) still applies to respondent's case.

statute requires the trial court to consider and make written findings regarding the relevant statutory factors:

> (1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home;
>
> (2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established, and if so, the rights and responsibilities which should remain with the                                                          parents;
>
> . . .
>
> (4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why;
>
> . . .
>
> (6) Any other criteria the court deems necessary.

N.C. Gen. Stat. § 7B-907(b) (2011). "Appellate review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings and [whether] the findings support the conclusions of law." *In re J.C.S.*, 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004), *overruled on other grounds by In re R.T.W.*, 359 N.C. 539, 614 S.E.2d 489 (2005). "If the trial court's findings of fact are

supported by any competent evidence, they are conclusive on appeal." *Id.*

In the instant case, according to the trial court's findings, both of Bryson's parents were incarcerated, and he had been in DSS custody for more than twelve months. Respondent had made limited efforts toward her case plan, and DSS had made reasonable efforts to reunite the family. The trial court also found that it was not possible for Bryson to return home in six months. Bryson's placement with his paternal grandparents was an appropriate placement where he was doing well. Both the Guardian *ad litem* and DSS agreed that DSS custody should be terminated and Bryson's paternal grandparents should be granted guardianship.

Respondent contends that none of the findings explain *why* Bryson could not be returned home within six months. However, the trial court specifically found that respondent was incarcerated. The social worker who testified for DSS at the hearing indicated she did not know whether respondent was awaiting trial or had been sentenced for the perjury offense concerning her fraudulent psychological evaluation. The record also indicates that respondent faced additional pending charges in Tennessee at the time of the hearing. Respondent's ongoing

legal issues and incarceration were also factors in the trial court's award of custody to DSS in the 1 August 2011 Non-secure Custody Order finding Bryson was receiving improper care and supervision from his parents. Although the trial court's findings of fact are sparse, they sufficiently explain why Bryson could not be returned home within the next six months, and comply with N.C. Gen. Stat. § 7B-907(b).

## III. Guardianship

Respondent also argues that the trial court erred by awarding guardianship to the grandparents without making the verifications required by N.C. Gen. Stat. §§ 7B-600 and 7B-907(f)[4] (2011). We agree.

When it is not in a juvenile's best interests to return home and a trial court appoints a guardian for the juvenile as the juvenile's permanent plan, "the court shall verify that the person being appointed as guardian of the juvenile understands the legal significance of the appointment and will have adequate resources to care appropriately for the juvenile." N.C. Gen. Stat. § 7B-600(c) (2011); *see also* N.C. Gen. Stat. § 7B-907(f) (2011) (providing for the same verification). This Court has previously held that the trial court is not required to "make

---

[4] This section was also repealed and replaced by N.C. Gen. Stat. § 7B-906.1(j). N.C. Session Laws 2013-129, §§ 25, 26.

any specific findings in order to make the verification." *In re J.E.*, 182 N.C. App. 612, 616–17, 643 S.E.2d 70, 73 (2007).

In *J.E.*, the trial court received into evidence and considered home study reports for the juveniles' grandparents, who were subsequently appointed as guardians. DSS noted that the maternal grandparents both had raised children in the past, and were aware of the importance of structure and consistency for children. The maternal grandparents also understood the responsibility of caring for the juveniles, were committed to raising the juveniles, and were financially capable of providing for the juveniles' needs. *Id*. at 617, 643 S.E.2d at 73. This Court concluded that the findings in the home study reports were sufficient to demonstrate that the trial court complied with the requirements of N.C. Gen. Stat. § 7B-907(f) and § 7B-600(c). *Id*., 643 S.E.2d at 73.
The length of time that a guardian has successfully raised a juvenile is also a factor that may support the trial court's finding that the guardians understand the legal significance and have adequate resources. *In re R.A.H.*, 182 N.C. App. 52, 58, 641 S.E.2d 404, 408 (2007).

In the instant case, neither of the grandparents testified at the hearing. The record includes a DSS court report and a

guardian *ad litem* report, as well as a letter from Bryson's therapist. However, only the therapist's letter was presented at the hearing. No home study report was entered into evidence. The DSS court report, guardian *ad litem* report, and letter all indicate that Bryson was doing well in his placement and that his grandparents were committed to Bryson's long term care, but none of them confirm that his grandparents understood the legal significance of the appointment or had resources to appropriately care for Bryson. Nevertheless, the trial court awarded guardianship to Bryson's grandparents, but made no findings that they understood the legal significance of the appointment or had adequate resources to appropriately care for Bryson. In addition, while the guardians in *R.A.H.* had raised the juvenile for six years, in the instant case Bryson had only been placed with his grandparents for approximately one year at the time of the hearing, and no additional evidence was presented regarding the required verification. Therefore, we hold that the trial court erred by failing to make the verifications required by N.C. Gen. Stat. §§ 7B-600(c) and 7B-907(f).

## IV. Conclusion

The trial court's findings adequately address the relevant

factors of N.C. Gen. Stat. § 7B-907(b). Where the court found that Bryson could not be returned home within six months, the court made additional findings that indicated the incarceration of both parents was at least one of the reasons. However, despite the grandparents' apparent willingness to care for Bryson, the trial court made no findings and heard no evidence to indicate that the grandparents were aware of the legal significance of guardianship or had adequate resources to appropriately care for Bryson, and therefore failed to complete the statutorily required verification. Accordingly, we affirm the portion of the trial court's order regarding guardianship for Bryson's permanency plan and remand to the trial court for findings regarding appointment of Bryson's guardians in accordance with N.C. Gen. Stat. §§ 7B-600(c) and 7B-907(f).

Affirmed in part and remanded in part.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).